## UNION TYPE FOUNDRY v. KITTANNING INS. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY.

Argued October 14, 1890—Decided November 3, 1890.
[To be reported.]

(a) The defendant, an insurance company, issued a fire policy to "the Union Type Foundry." In an action brought in that name on the policy, the company filed an affidavit of defence setting up a failure to furnish proper proofs of loss, and afterwards pleaded "non-assumpsit, payment, payment with leave and the facts contained in affidavit of defence:"

1. After a compulsory arbitration under § 8, act of June 16, 1836, P. L. 719, an appeal from the award, and several continuances of the case, it was too late to file upon the trial a plea of nul tiel corporation, thereby for the first time questioning the legal existence of the plaintiff, and such plea ought not to have been allowed: Murphy v. Chase, 103 Pa. 260.

2. Whether, in an action brought by a corporation since the passage of the procedure act of May 25, 1887, P. L. 271, the statutory plea of non-assumpsit will put the plaintiff to formal proof of incorporation, when the want of incorporation is not pleaded by the defendant, or not in proper time, adhuc sub judice.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 130 October Term 1890, Sup. Ct.; court below, No. 215 September Term 1888, C. P.

On August 24, 1888, the Union Type Foundry brought assumpsit against the Kittanning Insurance Company, on a policy of insurance in the sum of $1,000 upon certain property of the

---

* See act of June 24, 1885, P. L. 149.

plaintiff situated in the city of Chicago, Illinois, said policy being dated May 7, 1887, and issued by the defendant company to the plaintiff.

On September 1, 1888, the defendant filed an affidavit averring as its defence to the plaintiff's claim,

"That the assured, although requested so to do by defendant company, refused or neglected to furnish such proofs of loss as are required in § 11, and especially in clause 3 of said section of policy sued upon, and that this suit is prematurely brought, as the defendant is not liable under said policy ; nor can suit be brought thereon until such proofs, if demanded, are furnished by the assured."

On April 20, 1889, the defendant pleaded non-assumpsit, payment, payment with leave and the facts contained in the affidavit of defence. On May 3, 1889, the plaintiff entered a rule for a reference to arbitrators. Arbitrators were chosen by the counsel of the parties, and after hearing, made an award in favor of the plaintiff for $1,020, from which award the defendant appealed. Having twice thereafter been placed upon the trial list and continued, the case was called for trial on June 6, 1890, when the defendant asked leave to file the following plea :

"And now, June 6, 1890, the defendant company pleads, in addition to the plea already filed, that the plaintiff, the Union Type Foundry, is not now, nor on the day of the issuing of the writ, nor ever was such a corporation as the Union Type Foundry, and nul tiel corporation."

The plaintiff's counsel objected to the allowance of the plea :

1. Because, under the act of 1887, no plea is allowed except the plea of non-assumpsit. 2. This suit having been brought to September Term, 1888, affidavit of defence filed and arbitration had, the defendant cannot now, when the case is called for trial, put in an additional plea in order to continue the cause. 3. The plea should not be allowed, unless sworn to as required by § 13, Rule 40, Armstrong county Common Pleas Rules.

By the court: The objection to the filing of the additional plea is overruled and plea admitted to be filed; exception.[7]

The jury having been sworn, the plaintiff put in evidence the policy in suit, and presented testimony tending to prove

Charge of Court below.

that the premium upon said policy was paid by a check to the order of the defendant company, signed: " Union Type Foundry, A. F. Walther, treas.;" that the property insured was destroyed by fire during the life of the policy; that proofs of loss, signed in the same manner as the check aforesaid, and sworn to by Walther, the treasurer, had been furnished to the defendant and retained by it for several months without objection; * that after the fire a large amount of correspondence in reference to the plaintiff's claim was had, in part of which the plaintiff was addressed as the " Union Type Foundry " by the defendant, and letters to the defendant from the plaintiff were signed by that name; and that the plaintiff, since 1874 had carried on business at Chicago, under the name of the Union Type Foundry. No charter of incorporation, however, was produced by the plaintiff.

At the close of the testimony for the plaintiff, the defendant offering no testimony, the court, RAYBURN, P. J., instructed the jury as follows:

Gentlemen of the jury, this is an action brought by the Union Type Foundry against the Kittanning Insurance Company upon a policy of insurance.   [We have taken some time in this case, but under the pleadings in the case, the plea of no corporation having been entered, and the plaintiff not producing before the jury and the court, the letters-patent or certificate of incorporation, we have to instruct you that that not being proven, the plaintiff cannot recover in this case, notwithstanding the merit of their case as produced in the other branches of it.   They have produced a good bit of testimony showing that there was a loss, showing also the amount of the loss; but, notwithstanding that, we have to instruct you as a matter of law, there being no proof of the existence of a corporation, or the legal existence of the plaintiff, we have to instruct you to find a verdict for the defendant.] [1]

—The court also answered the following points, inter alia, presented by the plaintiff:

4. If the jury believe from the evidence that the defendant denied their liability upon other ground, and put the plaintiff

---

* See Davis Shoe Co. v. Insurance Co., ante, 79.

Charge of Court below.

to inconvenience and expense, and never denied their liability on the ground of a failure to make proofs of loss in time, until September 21, 1888, the date of filing the affidavit of defence, and never raised the question that the defendant was no corporation until June 6, 1890, after the case had been called for trial, they are now estopped from setting up these matters in defence.

Answer: Refused.[2]

5. The evidence in this case showing that the plaintiff carried on business under the name of the Union Type Foundry for many years, and that the defendant took the premium from them under that name, and corresponded with them under that name, they cannot now, after having enjoyed the fruits of their contract, repudiate the payment of the loss on the ground that the plaintiff had no legal existence.

Answer: Refused.[3]

6. Under the act of May 25, 1887, special pleading was abolished; and, as said act provided, in addition to the plea of non-assumpsit, that the defendant should be at liberty to plead payment, set-off, and also the bar of the statute of limitations, and no other plea, the defendant cannot in this action plead " no corporation " as a plea in bar.

Answer: Refused.[4]

7. Section 1, Rule 3, of Armstrong County Common Pleas Rules, provides that in actions by or against partners, it shall not be necessary to prove partnership, unless the same is denied by affidavit; and, as the plaintiffs in their statement have alleged that they are entitled to recover as the Union Type Foundry, the defendant cannot defeat their right to recover by alleging they are not a corporation unless such a plea is supported by affidavit.

Answer: Refused.[5]

The defendant requests the court to charge, inter alia:

4. That, by the plea of nul tiel corporation, the burden is cast upon the plaintiff of showing its incorporation and right to sue, and this it has not done by competent and legal evidence; and therefore the verdict must be for the defendant.

Answer: Affirmed.[6]

—A verdict having been returned for the defendant, and judgment entered thereon, the plaintiff took this appeal, assigning for error:

1. The part of the charge embraced in [   ] [1]
2–5. The answers to plaintiff's points. [2 to 5]
6. The answer to defendant's point. [6]
7. The allowance of the defendant's additional plea. [7]

*Mr. W. D. Patton* (with him *Mr. J. P. Colter* and *Mr. J. W. King*), for the appellant:

1. The allowance of the plea questioning the legal existence of the plaintiff, upon the trial of the case, was error: Murphy v. Chase, 103 Pa. 260. A plea in abatement cannot be put in after a plea in bar: Lindsley v. Malone, 23 Pa. 24; Potter v. McCoy, 26 Pa. 458. Having dealt with the plaintiff as a corporation, the defendant cannot thus collaterally attack its existence, and the proof that was given of its having acted as a corporation for many years was sufficient as against the defendant: Spohr v. Bank, 94 Pa. 429; Commissioners v. Bolles, 4 Otto 104; Oil Creek etc. R. Co. v. Transportation Co., 83 Pa. 166. Again; the rules of the court below require that a dilatory plea be supported by affidavit, which was not done in this case.

2. Those rules require also that all matters of defence be pleaded before, or with, the general issue. The case comes within the spirit of another provision in the Rules of the Court, which directs that in actions by partners, the partnership shall be taken to be admitted, unless denied by affidavit filed with or before the plea: Ash v. Guie, 97 Pa. 501. Moreover, the act of May 25, 1887, P. L. 271, which provides, in § 7, that the defendant may plead non-assumpsit, payment, set-off, and also the bar of the statute of limitations, and no other plea, means, we take it, that no other pleas in bar shall be allowed; and if the defendant wishes to plead to the jurisdiction of the court, the want of proper parties, etc., he must do so by plea in abatement verified by affidavit.

*Mr. Joseph Buffington* (with him *Mr. Orr Buffington* and *Mr. H. L. Golden*), for the appellee:

1. We denied that the Union Type Foundry was a corporation, and no competent proof to show that it was such, was offered. If a recovery were had in this case, and the claim paid, what is there to prevent a corporation, known as the

Opinion of the Court.

Union Type Foundry, from afterwards recovering upon the
same claim? Under the circumstances, it was eminently pro-
per for the defendant to raise the question of the plaintiff's in-
corporation by a plea in bar. The lower court was the proper
judge of its own rules. No surprise was alleged, and the case
went on to trial. The plea was not a dilatory one; it was di-
rectly in bar, and denied the right of the plaintiff to sue: North-
umberland Bank v. Eyer, 60 Pa. 437; Stephen on Pleading,
432; Rheem v. Wheel Co., 33 Pa. 363.

2. The argument based upon the procedure act of May 25,
1887, P. L. 271, proves too much for the plaintiff; for, if non-
assumpsit is the only plea allowable, it follows that the plaintiff
was thereby put on proof of its right to sue, and required to
show its incorporation. This was squarely decided in Welland
Canal Co. v. Hathaway, 8 Wend. 480 (24 Am. Dec. 58); and
the same doctrine is affirmed in Holloway v. Railroad Co., 23
Tex. 465 (76 Am. Dec. 68); Lewis v. Bank, 12 Ohio 132.
Had the policy in suit been printed at length, it would have
been shown that its conditions as to proofs of loss were not com-
plied with, and that the verdict must have been in our favor in
any event.

OPINION, MR. CHIEF JUSTICE PAXSON:

The plaintiff was thrown out of court on the merest techni-
cality. It claims to have been incorporated in June, 1884,
under the laws of the state of Illinois, and has been doing busi-
ness since that time in the city of Chicago. On May 7, 1887,
it procured a policy of insurance from the defendant company
on its property, for the term of one year. This policy was is-
sued to the " Union Type Foundry," that being the plaintiff's
corporate name. The premium money was paid by a check
drawn in the name of the " Union Type Foundry," payable to the
Kittanning Insurance Company. A fire occurred in January,
1888, by which the property insured was destroyed. In all the
correspondence and intercourse between the plaintiff and the
insurance company, in consequence of the fire, the plaintiff was
known only as the " Union Type Foundry." The defendant
failing to make good the loss, a suit was finally commenced
against it in the name of the " Union Type Foundry." To this
suit the defendant put in an affidavit, alleging as the only

ground of defence that it had not been furnished with such proofs of loss as the terms of the policy required. Defendant pleaded non-assumpsit, payment, payment with leave, and the facts contained in the affidavit of defence. While the pleadings were in this condition, the case was arbitrated, with an award in favor of plaintiff. The defendant appealed, the case was twice upon the trial list, and twice continued. Finally it came to trial; and, after a jury had been called into the box, the defendant for the first time raised the question of the plaintiff's right to sue by filing a plea in abatement. The plea was not even sworn to as required by rule 40, § 13, of the court below. We are of opinion that it came too late: Murphy v. Chase, 103 Pa. 260. After recognizing plaintiff's character during all these transactions, and by its own pleadings filed, it came with an exceeding ill grace to spring such a plea upon the trial, when the inability of the plaintiff to make the formal proof of its charter, on the instant, might be fairly presumed, and was probably understood by the company. We think it will take no risk in drawing its check for the amount of the loss to the order of the " Union Type Foundry," to which it issued its policy.

The first, second, and seventh assignments of error are sustained. The remaining assignments are not important in our view of the case.

> The judgment is reversed and a venire facias de novo awarded.

