## Reinfried v. Heiss.

*Trespass—Practice—Minority of plaintiff—Affidavit of defence—Practice Act of May 14, 1915.*

In an action of trespass, the minority of the plaintiff cannot be taken advantage of by the defendant on a trial upon the merits of the case, but should be raised by affidvait of defence under the Practice Act of May 14, 1915, P. L. 483, as it formerly should have been raised by a plea in abatement.

Rule for judgment for defendant *n. o. v.* C. P. Lancaster Co., Oct. T., 1920, No. 27.

*John A. Nauman,* for rule; *F. Lyman Windolph,* contra.

HASSLER, J., July 2, 1921.—This is an action of trespass to recover damages for injuries sustained by reason of the defendant's negligence. At the trial, on April 26, 1921, it appeared that the plaintiff was a minor, and would not be twenty-one years old until June 21, 1921. The defendant asked for binding instructions in his favor for this reason, which request we refused. We are now asked to enter judgment for the defendant *n. o. v.*

We do not think the defendant is entitled to judgment *n. o. v.*, as the minority of a plaintiff cannot be taken advantage of at a trial of a case on its merits. In Heft *v.* McGill, 3 Pa. 256, it is decided that infancy is not a ground for non-suit, which is the same as affirming a request for binding instructions by a defendant, but must be pleaded in abatement. Any matter which should be raised by a plea in abatement is waived if the defendant pleads to the merits of the question involved. To the same effect are Machette *v.* Musgrave, 1 Phila. 186; Stimmel *v.* Miller, 8 Pa. C. C. Reps. 128; Union Type Foundry *v.* Kittanning Ins. Co., 138 Pa. 137; Stoever *v.* Gloninger, 6 S. & R. 63.

While pleas in abatement have been abolished by the Act of May 14, 1915, P. L. 483, provision is made in the act for disposing of questions which formerly were raised by such pleas. Section 3 of the act provides that pleas in abatement, etc., and all other pleas, are abolished, and that defences heretofore raised by them shall be made in the affidavit of defence. Section 20 provides that the defendant may in the affidavit of defence raise any question of law without answering the averments of fact contained in the statement of claim, and the question of law so raised may be set down for hearing and disposal by the court. If, in the opinion of the court, the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment or permit another affidavit of defence to be filed.

Whether a minor can recover damages for injuries in an action of trespass is a question of law. Formerly it must have been raised by a plea in abatement, but as such pleas are abolished, the question must be raised now in an affidavit of defence to be disposed of in actions of *assumpsit* before an affidavit denying the matters of fact averred in the statement is filed, and in actions of trespass before going to trial of the case on its merits.

In Wilson *v.* Adams Express Co., 72 Pa. Superior Ct. 384, it has been decided that a defendant need not file an affidavit of defence in an action of trespass under section 13 of the Practice Act, because it is provided there that the averments of fact upon which the plaintiff relies to establish liability and the averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted. It is not decided in that case that a question of law, such as was formerly raised by plea in abatement, should not be raised

Reinfried *v,* Heiss.

by an affidavit of defence, as provided in section 20, to which we have already referred. That section 20 refers to actions in trespass as well as actions in *assumpsit* is shown in section 1 of the act, which provides that the act shall apply to actions of *assumpsit* and trespass. All of its provisions, therefore, apply to actions of trespass unless they are expressly excepted in the act itself. Such exception is made in the 13th section, as decided by the Superior Court in Wilson *v.* Adams Express Co., 72 Pa. Superior Ct. 384, only as to affidavits of defence denying the facts upon which plaintiff relies to recover and the averments as to damages in actions of trespass. We are satisfied that the minority of the plaintiff in this case could not be taken advantage of on a trial upon the merits of the case, but should have been raised in an affidavit raising a question of law, which takes the place of a plea in abatement.

The rule for judgment *n. o. v.* is, therefore, discharged.

From George Ross Eshleman, Lancaster, Pa.