# Brown, Appellant, v. Pennsylvania Casualty Company.

*Insurance—Accident insurance—Payment of renewal premium—Waiver —Custom—Evidence.*

In an action upon an accident policy, where the defense is that the renewal premium was not paid until after the accident, and the uncontradicted testimony is that the insured knew that his premium was overdue and unpaid, promised to pay it on the following Monday, and was distinctly informed that in the meantime, until he paid cash, he would be " carrying his own risk," evidence that the agent had told certain witnesses that he had himself given credit in certain cases is insufficient to

establish a custom of the company to give credit for premiums, and even if sufficient for that purpose, would not avail the plaintiff in face of the uncontradicted proofs in the case.

Evidence of a custom in general dealings is not available against a distinct notice to the contrary in the particular transaction.

The essential element which will take the question of implied waiver, in an insurance case, to the jury, is that the insurer has done some act or pursued some course of conduct which has misled the insured, or lulled him into delay in performing his stipulations in the contract.

Argued November 5, 1903. Appeal, No. 146, Oct. T., 1903, by Anna Z. Brown, administratrix, from judgment of C. P. No. 1, Allegheny County, March T., 1902, No. 592, on verdict for defendant in case of Anna Z. Brown, Administratrix of the Estate of John P. Brown, Deceased, v. The Pennsylvania Casualty Company of Scranton, Pa. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit upon a policy of accident insurance. Before BROWN, J.

The opinion of the Supreme Court states the case.

At the trial the following offer was made:

I propose to prove by the witness that he has told two witnesses in court on different occasions that it is the practice of the agency here to give credit for premiums in certain cases. I propose further to show that the general agent, the witness, offered to give credit and to deliver the policies to the witnesses named. This for the purpose of showing that it is a custom of the agency here to deliver policies and give credit for premiums. Objected to as incompetent and irrelevant. Objection sustained and bill sealed for plaintiff. [1]

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) ruling on evidence; (2) in giving binding instructions for defendant.

*George M. Harton*, for appellant.

*W. A. Blakeley*, with him *Wm. A. Way, Albert J. Walker* and *Alvin A. Morris*, for appellee.

PER CURIAM, January 4, 1904 :

The express condition of the policy is that no renewal of it shall " take effect unless the premium is actually paid previous to any accident under which claim is made." It is admitted that the renewal premium was not paid until after the accident, but appellant claims to go to the jury on the question of waiver. The cases on this subject have been exceedingly liberal in favor of the insured, but none of them go as far as we are asked to do here. The underlying element which opens the question of implied waiver to the jury is that the insurer has done some act or pursued some course of conduct which tended to mislead the insured, or to lull him into delay in performing his stipulations in the contract. There is nothing in this case that can by any fair inference amount to proof of a waiver. The question asked of the agent was not whether it was a custom of the company to give credit for premiums, but whether the agent had not told certain witnesses that he had himself given credit in certain cases. This is far short of proof of a custom which would bind the company on the ground of waiver of the conditions of the policy, but even if it had a fair tendency to show such custom, it would not avail the plaintiff in the face of the positive and uncontradicted testimony that the insured knew his premium was overdue and unpaid, promised to pay it on the next Monday, and was distinctly informed that in the meantime until he paid cash, he would be " carrying his own risk."

Judgment affirmed.