## O'Neil *v.* American Assurance Company, Appellant.

*Insurance—Life insurance—Proofs of death—Waiver.*

1. When an insurance company by denying liability leads a policy-holder to believe that the filing of proofs of death would be fruitless, it cannot afterwards, in an action on the policy, defend because of failure to make such proofs,

*Insurance—Life insurance—Cancellation of policy.*

2. Where a policy of life insurance provides that "the company may cancel this policy by mailing notice of cancellation . . . . with its check for the unearned part, if any, of the premium but not during any disability for which the insured may be entitled to indemnity," the company cannot arbitrarily cancel the policy by payment of the amount of indemnity due to a particular time, when a disability exists which results in the death of the insured.

Argued Oct. 15, 1912. Appeal, No. 273, Oct. T., 1911, by defendant, from judgment of C. P., No. 5, Phila. Co., March T., 1909, No. 2,772, on verdict for plaintiff in case of Annie O'Neil v. American Assurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of a magistrate. Before STAAKE, J.

At the trial it appeared that the suit was on a policy of life insurance, commonly known as an industrial policy.

The facts are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $58.50. Defendant appealed.

*Error assigned* was in refusing motion for judgment for defendant n. o. v.

*Bertram D. Rearick,* with him *Bernard A. Illoway,* for appellant.—The plaintiff cannot recover in her suit against the defendant unless she complies with the conditions of

the policy regarding the furnishing of the proofs of death: Wallace v. Ins. Co., 14 Pa. Superior Ct. 617; Hottner v. Fire Ins. Co., 31 Pa. Superior Ct. 461; Dunn v. Ins. Co., 34 Pa. Superior Ct. 245; Diehl v. Adams County Mut. Fire Ins. Co., 58 Pa. 443; Gould v. Ins. Co., 134 Pa. 570.

The defendant under the contract had the right to cancel the policy upon which suit was brought, and its act in canceling the same on December 5 terminated its liability: Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402; O'Connell v. Fidelity & Casualty Co., 87 N. Y. App. Div. 306 (84 N. Y. Supp. 315); Travelers' Protective Assn. Co. v. Dewey, 78 S. W. Repr. 1087; Clanton v. Protective Association, 74 S. W. Repr. 510; Conray v. Accident Company, 63 Atl. Repr. 356; Martin v. Accident Indemnity Company, 151 N. Y. 94 (45 N. E. Repr. 377); Wood v. Accident Association, 174 Mass. 217 (54 N. E. Repr. 541).

*Joseph P. Gaffney*, for appellee.


OPINION BY HENDERSON, J., February 27, 1913:

The court declined to give binding instructions for the defendant or to enter judgment non obstante veredicto, and the assignments of error complain of this action. The first defense set up was that the plaintiff had failed to furnish proof of the death of her husband as required by the 14th paragraph of the "conditions" of the policy. It was not claimed that such proofs had been furnished, but an excuse for noncompliance with the condition was offered in the fact that the plaintiff sent an agent to the offices of the company in Philadelphia to give notice of the death and to obtain the blanks which were to be furnished by the company on which to make out the necessary proofs, and that this agent showed to a person in the office, apparently in charge of its business, the policy and gave notice of the death of Mr. O'Neil, at the same time asking for papers on which to make out the proof of death; whereupon, he was informed that the matter had been

adjusted as far as the company was concerned and the agent did not obtain the papers for proofs. The adjustment referred to was a payment to the insured shortly before his death of an amount claimed to be in settlement of sick benefits to which the insured was entitled or might become entitled under the policy. This transaction which occurred on December 4, 1908, was, as alleged by the plaintiff, a settlement merely of the benefits to which the insured would be entitled "for that spell of sickness," but this we do not regard as important for the case turns on the right of the defendant to cancel the policy at the time and under the circumstances set forth in the evidence. The next day after this alleged settlement of benefits the policy was canceled by the company and two days later the insured died. It was nowhere asserted that any other settlement or adjustment had been made than that on December fourth, and the cancellation of the policy was based on the fourth condition which is in the words: "The company may cancel this policy by mailing notice of cancellation to the insured's address as it appears on its records with its check for the unearned part, if any, of the premium but not during any disability for which the insured may be entitled to indemnity." It appears, therefore, that the defendant denied liability at all at the time that notice was given of the death of the insured. Its position was that having settled with the insured for the sick benefits on December fourth it had the right to cancel under the clause above quoted and that there was, therefore, no liability on the part of the company. This being the attitude of the defendant it was not necessary that formal proofs of death be presented. Notice of the death of the insured was given at the company's office within the time and the policy presented with a request for blanks on which to make out the necessary proofs, but when the company denied liability and did not give the blanks, which it was required to furnish under the policy, on which to make the proofs, the plaintiff was relieved from further duty in respect to proofs. Its

position was then and is now that there was no policy in force.  Under such circumstances it, of course, could not call on the plaintiff to prove a loss the liability for which it wholly denied.  Many of our cases hold that where an insurance company in an action on a policy denies all liability and refuses to pay anything such defense amounts to a waiver of notice and proofs of loss: Girard Life Ins. Co. v. Mutual Life Ins. Co., 97 Pa. 15; Lebanon Mutual Ins. Co. v. Erb, 112 Pa. 149; Union Type Foundry Co. v. Kittanning Ins. Co., 138 Pa. 137; Weiss v. American Fire Ins. Co., 148 Pa. 349; White v. Life Ins. Co., 22 Pa. Superior Ct. 501.  When an insurance company by denying liability leads a policy holder to believe that the filing of proofs would be fruitless it cannot afterwards in an action successfully defend because of failure to make such proofs.  The plaintiff is not precluded, therefore, from prosecuting her action because of the lack of notice and proof of death of her husband.

Was the cancellation of the policy authorized by the terms of the fourth condition above recited?  The right of cancellation is expressly denied by that condition during any disability for which the insured may be entitled to indemnity.  The undertaking of the company was to insure against three contingencies: accidental disability; disability from sickness; and death of the insured.  The evident purpose of the restriction on the power to cancel was to prevent the insurer from taking advantage of the disability of the insured and by paying any amount due to a particular time, avoiding further liability by cancellation and the manifest justice of this restriction is illustrated by the facts in this case.  Admitting liability for sickness the insured was paid a lump sum.  He was at that time fatally ill and died three or four days thereafter.  The agreement to pay the plaintiff in this action the amount named in the policy in case of her husband's death was part of the contract made by the defendant, and that this sum was understood as "indemnity" by the latter is shown by the provision in the third condition

of the policy that no indemnity because of death resulting from sickness originating before the expiration of fifteen days from and after the date of reinstatement of any policy shall be paid. The terms of the policy being those propounded by the defendant they should be construed most strongly against it if there were any doubt in regard to the meaning of the language used, and we think the correct construction of the condition referred to is that while disability exists for which the insurance was issued and which disability results in the death of the insured the company cannot arbitrarily cancel the policy by paying the amount of indemnity due to a particular time during the life of the insured. This is a reasonable interpretation of the section and is consonant with justice and fair dealing.

The only other question in the case was one of fact which was submitted to the jury in a clear and unobjectionable charge by the learned trial judge and which was found in favor of the plaintiff.

The judgment is affirmed.