## Salvaggio *v.* Metropolitan Life Ins. Co., Appellant.

*Insurance—Life insurance—Payment of premiums—Question of fact—Question for jury—Failure to produce receipt.*

In an action upon a policy of life insurance where the issue was the disputed question of fact as to whether or not a certain premium payment had been made within the grace period, and the conflicting testimony made it largely a matter of credibility of the witness, the question was properly for the jury.

The fact that the beneficiary of an insurance contract could not produce a premium receipt, which she claimed to have received, did not affect her legal rights but only her credibility.

Argued March 6, 1923. Appeal, No. 14, March T., 1923, by defendant, from judgment of C. P. Lackawanna

County, Oct. T., 1918, No. 556, on verdict for plaintiff in the case of Filomeno Salvaggio v. The Metropolitan Life Insurance Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit upon a policy of life insurance. Before NEWCOMB, J.

The opinion of the Superior Court states the case.

Verdict for the plaintiff in the sum of $1,235 and judgment thereon. Defendant appealed.

*Errors assigned* were various parts of the charge of the court, quoting it, and refusal to enter judgment non obstante veredicto.

*Edward W. Warren,* and with him *Knapp, O'Malley, Hill and Harris,* for appellant.—A receipt is always open to explanation, but is prima facie evidence of payment and settlement and will not be set aside except for weighty reasons and by proof clear and satisfactory. A receipt is controlling evidence and prevails over testimony offered to contradict its terms: Flaccus v. Wood Extx., 260 Pa. 161.

Where a party refuses or neglects to produce documentary evidence a presumption arises against that party: Dickey v. McCullough, 2 W. & S. 88.

*Thomas P. Duffy,* and with him *E. F. McGovern,* for appellee.

OPINION BY KELLER, J., April 16, 1923:

The action was in assumpsit upon a policy of life insurance. The disputed issue of fact was whether the semiannual premium falling due on January 19, 1918, had been paid within the grace period of thirty-one days thereafter or not. If not, the policy lapsed and was not in force when the insured, plaintiff's son, died, on March 16, 1918. The plaintiff asserted that she had paid it to

the company's agent, Scudato, on February 11, 1918. He denied it and said it had not been paid until February 25, 1918, when the policy was no longer in force and could only be revived upon application and physical examination of the insured. Evidence tending to corroborate the plaintiff was produced on her part, while corroborative evidence supporting Scudato was offered by the defendant. But the issue was largely one of credibility between the plaintiff and the company's agent. If payment had been made as testified to by the plaintiff, she was entitled to recover; if not, the defendant was entitled to the verdict. This was, in effect, what the learned trial judge said in his charge and we see no error in it. He did not limit the jury to a consideration of the testimony of these two witnesses, as in Clapp v. Vellner, 266 Pa. 332, and kindred cases; on the contrary he referred in some detail to the corroborating circumstances on both sides. But the issue of fact was to be decided in accordance with whether the jury believed that the premium had in fact been paid on February 11th, as testified to by the plaintiff, or on February 25th, as sworn to by Scudato. The first assignment of error is overruled.

The issue was one of fact and binding instructions could not have been given for the defendant. Scudato was admittedly the agent of the defendant with authority to accept payment of the premium and countersign and deliver the company's receipt therefor. If the plaintiff paid him the premium on February 11, 1918, and he gave her a receipt similar in form and color to those which she had usually received, she was entitled to recover: Dominco v. Prudential Ins. Co., 49 Pa. Superior Ct. 156; and the fact that she was not able to produce the receipt thus given her did not affect her legal rights but only her credibility If she could explain her lack of it to the satisfaction of the jury, she was entitled to do so. The court could not rule upon it as a matter of law. The provisional receipt dated February 25, 1918, was

not conclusive against her as contended by defendant. She denied ever having received it, and while it was found with the policy it was unquestioned that Scudato had opportunity to place it there after her son's death. On the other hand if the policy had lapsed for nonpayment of premium on February 20 and Scudato knew it, as he testified, there was no occasion for his securing the policy for presentment to the company. The evidence was conflicting upon material points and hence was for the jury, and judgment non obstante veredicto could not be entered: Dalmas v. Kemble, 215 Pa. 410. The sixth assignment is overruled.

We are not convinced that the matters complained of in the second and third assignments injuriously affected the defendant or influenced the jury in their verdict. The learned trial judge might have been more gracious in his reception of the suggestion as to his charge made by defendant's counsel in response to his own invitation, but we feel satisfied that the verdict would have been the same, notwithstanding the apparent rebuke which probably was not intended as such. The matters referred to by counsel had already been adverted to, at some length, in the charge of the court, with the exception of the provisional receipt, which, as we have before pointed out, was disputed.

None of the other assignments merits special consideration. They are all overruled and the judgment is affirmed.