# Mellosky v. Eureka-Maryland Assurance Corporation, Appellant.

*Insurance — Life Insurance — Representations—Fraud — Case for jury—Lapse of policy—Application for reinstatement—Payment—Receipt by officer—Act of May 17, 1921, P. L. 682, Section 410.*

In an action of assumpsit on a life insurance policy physicians testified that the insured had died of a progressive disease (cirrhosis of the liver) which he must have had at the date of the issuance of the policy. There was also testimony that the insured had appeared well and had worked at his usual occupation for some time after he applied for the policy. There was no evidence that he had been treated by a physician prior to the taking out of insurance.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Where the statements of an applicant for life insurance are to be deemed representations and not warranties, a proven mistake in the information given in the application does not work a forfeiture, in the absence of fraud. When the applicant asserts that he is in good health and reasonably believes this to be true, though in fact suffering from some insidious disorder, a recovery may be had. The insured is bound to disclose facts concerning his physical condition, which he knew, or should have observed, but he is not charged with the knowledge of the existence of a latent disease, which from the nature of things he could have no exact information.

The burden of proving fraud in the making of a statement is upon the one alleging it and the question of good faith is for the jury.

Section 410 of the Insurance Company Law of 1921, P. L. 682, does not invalidate the payment of a premium to the authorized agent of an insurance company when not accompanied by the delivery of a receipt signed by an official of the company. This provision simply requires the payment of all premiums in advance, or within the grace period, either in the home office or to an authorized agent. The payment is not invalid merely because an official receipt therefor was not delivered simultaneously therewith.

*Trials C. P.—Evidence—Objection—Withdrawal.*

The withdrawal of an objection to the introduction of a paper offered in evidence is not an admission of the genuineness of the document. Such withdrawal merely acts as a waiver of any objection to its admissibility as evidence.

Argued March 5, 1928. Appeal No. 1, February T., 1928, by defendant from judgment of C. P., Luzerne County, No. 534, July T., 1925, in the case of Annie Tiskie Mellosky v. Eureka-Maryland Assurance Cor-

poration. Before HENDERSON, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on a life insurance policy. Before Mc-
LEAN, J.

The facts are stated in the opinion of the Superior
Court.

Judgment for plaintiff in the sum of $1,065. De-
fendant appealed.

*Error assigned,* among others, was the refusal of
judgment non obstante veredicto.

*W. L. Pace,* for appellant, cited: Landy v. Philadel-
phia Life Insurance Company, 78 Pa. Superior Ct. 47;
Lonzer v. Lehigh Valley Railroad Company, 196 Pa.
610; Lutz v. Metropolitan Life Ins. Co., 186 Pa. 527;
Reed v. Cassatt, 153 Pa. 156.

*Frank J. Flannery,* and with him *Richard B. Sheri-
dan,* for appellee, cited: Livingood v. New York Life
Ins. Co., 287 Pa. 128.

OPINION BY GAWTHROP, J., April 16, 1928:
On April 30, 1924, the Eureka Life Insurance Com-
pany of Baltimore, Maryland, issued a policy of in-
surance on the life of Charley Tiskie, his daughter,
the plaintiff, being named as beneficiary. Defendant
is the successor of that corporation. The application
signed by the insured and attached to the policy set
forth that he was in good health and had never suffered
from certain enumerated diseases. The contract pro-
vided for the payment of premiums semi-annually in
advance during the life of the insured, and stipulated
that "in the absence of fraud, all statements made by
the insured should be deemed representations and not
warranties." The insured died February 12, 1925.
Payment of the policy having been refused, the bene-

ficiary brought this action to recover the amount thereof. The defenses interposed were that, (1) the insured procured the policy by falsely and fraudulently representing and stating in his application that he was in good health and had never suffered from certain diseases and had not required the services of a physician; that (2) the policy had lapsed at the time of his death because of the failure to pay the premium which fell due on October 30, 1924, until after the expiration of the thirty-one days of grace allowed by the policy; and that (3) subsequently thereto, on December 30, 1924, the insured made application to defendant for a revival and re-instatement of the policy and as evidence of his alleged insurability signed and delivered to the company a declaration of health, which was untrue and amounted to a false and fraudulent representation. The trial resulted in a verdict for plaintiff, and defendant entered this appeal.

The sixteen assignments of error filed raise but three questions which require discussion. Appellant's first contention is that the court below should have directed a verdict in its favor because it presented overwhelming, uncontradicted and incontrovertible testimony which established the fact that the deceased was suffering with the disease which caused his death, prior to April 30, 1924, the date of the policy. There was no evidence that Tiskie had been treated by physicians prior to the making of the application for insurance. The proof that at that time, or prior thereto, he was in ill health consisted solely of the professional opinion of physicians called by appellant, none of whom saw him prior to September, 1924. The cause of his death was cirrhosis of the liver, a progressive disease. While the consensus of professional opinion was that the insured must have been suffering with this disease at the date of the issuance of the policy, plaintiff produced evidence that the insured worked at his usual occupation at a colliery until November

23, 1924; that he worked every day the colliery was operated from July 1st to November 23rd, that is, fourteen days in July, twenty-three days in August, twenty days in September, ten days in October and fifteen days in November; that he appeared to be in good health during this time. Appellant's agent, Samley, testified that he had known the insured for nearly thirty years and that, so far as he knew, he had always been in good health. In the circumstances, the questions whether the deceased was in good health at the time the policy was issued, whether he had suffered from illnesses prior to that time, and whether, if he was in ill health, he had knowledge of the fact and deliberately concealed the truth, were for the jury. As the answers to the questions propounded to him were representations and not warranties, a proven mistake in the information given in the application did not work a forfeiture of the rights under the contract in the absence of fraud: Skruch v. Metropolitan Life Ins. Co., 284 Pa. 299; Suravitz v. Prudential Ins. Co., 244 Pa. 582. "When the applicant asserts he is in good health, and reasonably believes this to be true, though in fact suffering from some insidious disorder, a recovery may be had. The insured is bound to disclose facts concerning his physical condition, which he knew of, or should have observed, but he is not charged with knowledge of the existence of a latent disease of which, from the nature of things, he could have no exact information": Suravitz v. Prudential Ins. Co., supra. The burden of proving fraud in the making of the statement is upon the one alleging it and the question of good faith is for the jury: Livingood v. New York Life Ins. Co., 287 Pa. 128. The question whether the insured made false representations in his application was submitted in a charge of which the defendant makes no complaint, the only complaints of the instruction to the jury referring to the refusal to affirm points requiring a directed verdict for defendant.

Another contention is that the trial judge should have directed a verdict for appellant because the fact that the policy had lapsed by reason of non-payment of the semi-annual premium due October 30, 1924, was conclusively established by a written declaration of health executed by the insured December 30, 1924, setting forth, inter alia, that "it is understood and agreed that policy .......... (the policy in suit) ...... is now in arrears, and not in force according to its terms and for the purpose of reviving the said policy, I hereby deposit with the Eureka Life Insurance Company the sum of ...... ($35.27), and I hereby certify that since the said policy was issued the former insured thereunder has not been ill nor under the care of a physician except # None ...... I hereby agree that any misrepresentation on my part in connection with the above statements shall release and discharge the said ......... company from all liability under the said policy." The insured did not sign his name to this paper. The only evidence that he executed it was that of appellant's agent, Samley, whose name appears thereon as the only subscribing witness, who testified that the insured signed it by a cross-mark. When this paper was offered in evidence it was objected to. After the trial judge overruled the objection, counsel for plaintiff withdrew their objection. It is urged upon us that this paper amounts to conclusive evidence that the policy had lapsed, and that as it was admitted with the consent and approval of plaintiff, the question whether the policy had lapsed was no longer an open one. We cannot adopt this conclusion. By withdrawing their objection to the introduction of the alleged revival application, counsel for plaintiff did not admit its genuineness but merely withdrew their objection to its admissibility as evidence. They consistently maintained that the policy had not lapsed. Plaintiff and her husband testified that the semi-annual premium due October 30, 1924, was paid to the company's agent, Samley, who

had solicited the insurance, some time in October, 1924, and that the former had received a personal receipt therefor and subsequently had received an official receipt signed by the officers of the company. Plaintiff testified that she knew nothing of the alleged attempt of the insured to revive the policy. Clearly, the question whether the policy had lapsed was for the jury. As the evidence warrants a negative answer, we must assume that there was no lapse.

It is further contended that plaintiff failed to establish a legal payment of the premium due October 30, 1924, because under Section 410 of the Insurance Company Law of 1921, P. L. 682, the only competent proof of the payment of the premium was the official receipt signed by the officers of the company. Plaintiff testified that the official receipt had been lost, thus accounting for its non-production. That section of the act requires that policies of this character shall contain "a provision that all premiums shall be payable in advance, either at the home office of the company, or to an agent of the company, upon delivery of a receipt signed by_one or more officers of the company, who shall be named in the policy." The policy in suit provided that "all premiums hereunder are payable on or before the dates when due at the home office of the company, or to an authorized agent in exchange for the company's receipt signed by the president, vice-president, or secretary, and countersigned by such agent." We agree with the court below that it was not the intent of this act to invalidate the payment of premiums to the authorized agent of the company, as established in this case, when not accompanied by the delivery of the receipt signed by an officer of the company and to limit proof of payment to the produc-delivery of the receipt signed by an officer of the requires the payment of all premiums in advance or within the grace period, either to the home office or to an authorized agent. We find no warrant for a

construction that a payment is invalid merely because the official receipt therefor was not delivered simultaneously therewith.

We have considered all of the assignments of error and find them without merit.

The judgment is affirmed.