## Umbras *v.* Prudential Insurance Company of America, Appellant.

Argued March 8, 1938.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

438

*A. A. Vosburg,* of *Vosburg & Vosburg,* with him *R. B. Sheridan,* for appellant.

*Joseph Serling,* with him *E. F. McGovern,* for appellee.

OPINION BY KELLER, P. J., April 13, 1938:

The defendant insurance company issued three policies of life insurance to Onufri Umbras—Numbers 3145327, 3554007 and 6915669, each in the amount of $1,000—payable at his death to his wife, Frances Umbras, as beneficiary. A loan was made on each policy to the insured, during his lifetime, reducing the net amount payable to the beneficiary. The insured died on November 25, 1932.

The insurance company, claiming that the policies had lapsed for non-payment of premiums and were not in force at the death of the insured, refused to pay the beneficiary anything upon them, and on April 26, 1933 she brought this action in assumpsit. She filed a statement of claim, in which she averred, inter alia, her right to recover the face of the policies less the sum of the loans to the insured, and that the defendant had refused payment of her demand. To this the defendant filed an affidavit of defense denying her right to recover anything upon the policies, and alleging, in substance, that they had lapsed for non-payment of premiums, and that the loans on the policies and automatic extended insurance, as provided in the policy, had exhausted the cash surrender value, etc., prior to the death of the insured, so that they were not in force when the insured died. The company admitted that the plaintiff had made claim for the insurance sued for and that payment of the same had been refused, for the reasons above stated.

The case came on for trial on October 17, 1935. A jury was selected and sworn, but, the same day, a juror was withdrawn and the case continued. On August 6,

1936 the plaintiff filed an amended statement of claim, to which the defendant on August 8, 1936 filed an amended affidavit of defense, in which for the first time, it was averred that due and proper proofs of death had not been furnished, as required by the terms of the policies. The original affidavit of defense, filed nearly two years before, raised no objection or defense to the claim because of failure to furnish proofs of death.

At the trial, October 20-22, 1936, the court gave binding instructions for the defendant as respects policies numbered 3145327 and 6915669, but submitted the case, as to policy No. 3554007, to the jury, which rendered a verdict in favor of the plaintiff for $1,058.43. The defendant made no motion for a new trial. It obtained a rule for judgment non obstante veredicto which the court subsequently discharged, and judgment was entered on the verdict. Defendant appealed.

Appellant presents three grounds for reversing the judgment:

(1) That the plaintiff's allegata and probata did not agree, but constituted a variance fatal to plaintiff's case.

(2) That the failure to show a compliance with the requirements of the policy as to furnishing proofs of death to the company precluded a recovery.

(3) That there was not sufficient evidence of the payment of the premium on policy No. 3554007 due February 23, 1930 to take the case to the jury.

We shall discuss them in that order.

(1) There was no variance between the allegata and probata. If the annual premium on policy No. 3554007, which was due on February 23, 1930, was paid, the automatic extended insurance clause in the policy admittedly kept the insurance in force until after the death of the insured. The original plaintiff's statement of claim averred, (paragraph 14), that the annual premium on policy 3554007, which became due on February 23, 1930,

was paid to the defendant company; and the amended statement of claim averred (paragraph 23) that all the annual premiums on policy No. 3554007 had been duly paid to the defendant company up to and including the annual premium which became due on February 23, 1930. It is hard to conceive of a more positive averment of payment. The evidence of the payment of the premium due February 23, 1930 by the plaintiff was in exact accord with the averment, not at variance with it. The fact that the plaintiff also averred, as to all the policies, that the defendant's agent had fraudulently obtained the signature of the insured to applications calling for loans on the policies in amounts greater than were actually paid the insured would not detract from the force and effect of the averment as to the payment of the premium due February 23, 1930 on policy No. 3554007.

(2) The evidence on behalf of the plaintiff showed that, within a few days after the death of the insured, she had made demand on the agent in charge of defendant's office for payment of the policies and had been informed that the company denied all liability upon the policies or any of them because they were not in force when the insured died. The fact that the company refused to pay the claims and defended against the plaintiff's action on the policies, in toto, on the grounds stated by the agent, and filed an affidavit of defense admitting plaintiff's demand for payment but denying liability on that ground, is sufficient evidence that the company had denied liability on that ground and that the agent was authorized to act for the company in denying liability. Where the company defends an action on the policy on the very ground stated by the agent to the beneficiary, his statement will be presumed to have been authorized by the company or ratified and affirmed by it. It is well settled that where an insurance company denies liability under the policy

because of some ground of defense wholly apart from the furnishing of proofs of death, the beneficiary under the policy can bring an action without furnishing formal proofs of death. See *Hughes v. Central Acc. Ins. Co.*, 222 Pa. 462, 469, 470, 71 A. 923; *Girard etc. Trust Co., Admr., v. Mutual Life Ins. Co. of New York*, 97 Pa. 15, 24, 25; *Janney v. Scranton Life Ins. Co.*, 315 Pa. 200, 207, 208, 173 A. 819; *Cockcroft v. Metropolitan Life Ins. Co.*, 125 Pa. Superior Ct. 293, 298, 189 A. 687; *Amrovcik v. Metropolitan Life Ins. Co.*, 119 Pa. Superior Ct. 176, 184, 180 A. 727; *O'Neil v. American Assurance Co.*, 52 Pa. Superior Ct. 577, 579, 580; *White v. Metropolitan Life Ins. Co.*, 22 Pa. Superior Ct. 501, 504, 505. The same rule exists as to proofs of loss on fire insurance policies: *Fedas v. Ins. Co. of Penna.*, 300 Pa. 555, 559, 560, 151 A. 285; *Lebanon Mut. Ins. Co. v. Erb*, 112 Pa. 149, 160, 4 A. 8; *Penna. Fire Ins. Co. v. Dougherty*, 102 Pa. 568, 571; *Sisney v. Diffenderffer*, 323 Pa. 337, 343, 185 A. 830. Defendant's recognition of this rule is shown by the fact that in its original affidavit of defense it made no objection or defense to the plaintiff's claim because of her failure to present due and proper proofs of death. It was plainly an after thought presented nearly two years later, and four years after the insured's death, in apparent oversight or forgetfulness of the rule before mentioned.

(3) The third ground relied on by the appellant is sufficiently answered by Judge VALENTINE, who tried the case in the court below, in his opinion discharging the rule for judgment non obstante veredicto, as follows: "Further complaint is made that plaintiff's evidence as to the payment of the premium in question was of such character as not to warrant the submission of the case to the jury. The plaintiff positively testified that on February 23, 1930, she paid to the agent of the defendant (whose authority was admitted) the sum of $35.10, being the amount of the premium due on said

policy; that she at first received a small or temporary receipt and afterwards an official receipt, similar to plaintiff's Exhibit No. 5, but that the same had been lost or mislaid and that she could not find it at the time of the trial. This testimony was clearly sufficient to carry the case to the jury. *Mellosky v. Eureka-Md. A. Corp.*, 93 Pa. Superior Ct. 314, 317; *Badurka v. Home Life Ins. Co. of America*, 99 Pa. Superior Ct. 26." It may be added that there was other evidence corroborative of the plaintiff's testimony.

The judgment is affirmed.