## Klopik *v.* General American Life Insurance Company, Appellant.

660

Argued April 18, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Robert L. Wallace,* with him *J. Norman Martin* and *Norman A. Martin,* of *Martin & Martin,* for appellant.

*Michael A. Barletta,* for appellee.

OPINION BY JAMES, J., September 28, 1944:

On January 20, 1939, Wojciek Klopik left his employment with the American Sheet and Tin Plate Co., and on January 30, 1939, in accordance with the provisions of a Group Policy of this employer, made application to the General American Life Insurance Company for a $1,500 policy of life insurance, payable to his wife, plaintiff herein. Policy dated January 30, 1939, was issued and assured died June 13, 1940. The application, signed by assured's mark and witnessed by George Reid, agent for the insurance company, recited that $18.44, the first quarterly annual premium, had been paid to the agent. On April 28, 1939, July 26, 1939, October 31, 1939 and January 30, 1940, quarterly premiums in the sum of $18.44 were paid to Reid, or his secretary, at his office, who issued receipts for the amount paid.

These payments were forwarded by Reid to the defendant company, who later issued official receipts, three of which, showing payments May 8, 1939, November 7, 1939 and February 9, 1940, were offered in evidence. Joseph Klopik, plaintiff's son, testified that he paid, in the latter part of April, the quarterly premium of $18.44 due April 30, 1940, and was given a receipt by Reid's secretary, and this receipt was subsequently lost. Both Reid and his secretary testified that no payment was made or receipt issued for the premium due April 30, 1940.

In a suit by the widow, the jury found for the plaintiff. An appeal was taken from the refusal of defendant's motion for judgment n. o. v. and the principal question argued was whether the evidence of waiver in regard to the payment of premiums was sufficient to submit to the jury.

The application for this insurance policy, signed by the assured, states: "I have paid to the agent taking this application cash $18.44 for the first ¼ annual premium" and further provides, paragraph 8, section 3: "If the first premium is not paid in cash at the time this application is issued, the insurance under the new policy shall not take effect until and unless the first premium thereon has actually been paid and accepted by the Company through its authorized agent within thirty-one days from the date of termination of the insurance being converted. ......" Clearly, under these terms, George Reid was an authorized agent for the delivery of the policy and the receipt of the premium.

The clause of the policy stressed by appellant and argued by appellee as having been waived provides as follows: "AUTHORIZED AGENT. All premiums are payable at the Home Office of the Company in St. Louis, Missouri, or to an authorized agent of the Company, upon delivery of a receipt signed by the President, or Secretary and countersigned by such agent. Any agreement made with such agent relative to time,

place, or manner of payment of premium shall be of no effect."

This clause is in accordance with Sec. 410 of the Insurance Company Law of 1921, P. L. 682, 40 PS 510, and in *Badurka v. Home Life Insurance Co. of America,* 99 Pa. Superior Ct. 26, the court said: "This court in Mellosky v. Eureka-Maryland Assurance Corporation, 93 Pa. Superior Ct. 314, has decided that it was not the intent of the Insurance Company Law of 1921, P. L. 682, to invalidate the payment of premiums to the authorized agent of an insurance company, when not accompanied by the delivery of the receipt signed by an officer of the company, and to limit proof of payment to the production of receipts signed by such officer. All that is required is proof of payment of all premiums in advance, or within the grace period, either to the home office or to an authorized agent, and the payment is not invalid merely because an official receipt therefor was not delivered simultaneously therewith." The fact that the beneficiary of an insurance contract could not produce a premium receipt which she claimed to have received did not affect her legal rights but only her credibility. *Salvaggio v. Metropolitan Life Ins. Co.,* 80 Pa. Superior Ct. 594.

Thus the real question before us is whether the failure to produce a receipt, signed by the officers and countersigned by an authorized agent, was waived by the course of conduct of the insurance company in accepting from George Reid, its agent, the payment of the several premiums made to him directly and later acknowledged on the official receipt form.

Keeping in mind that the present policy is an extension of the assured's rights under a group policy of insurance in the same company in which the custom usually is to deduct the premiums from the assured's wages, an agent of the same insurance company prepares an application, delivers a new policy, receives the

initial premium and continues to receive payments of the premiums which later are acknowledged by the company with its official receipts, was this not sufficent to persuade a reasonable and well-balanced mind that the company intended to waive strict compliance with the conditions in the policy? Surely, if by a course of conduct, the insurance company may waive a default in the payment of the premium, it can waive a default as to whom it may be paid.

In Couch on Insurance, Volume 3, Section 600, we find: "Contracts of insurance usually provide that the premiums thereon shall be paid at some specified place, usually the home office, but, notwithstanding this, the place of payment is not necessarily dependent upon the contract itself, since it is in this respect subject to modification by many circumstances, as for instance, where the facts are such as to effect a waiver or create an estoppel."

"The underlying element which opens the question of implied waiver to the jury is that the insurer has done some act or pursued some course of conduct which tended to mislead the insured ......" *Brown v. Penna. Casualty Co.*, 207 Pa. 609, 611, 56 A. 1125.

In *Poles v. State Mutual Benefit Society*, 129 Pa. Superior Ct. 297, 301, 195 A. 429, this court, by Judge PARKER, later Justice of the Supreme Court, said: "We are of the opinion that a reasonable and well-balanced mind could reach but one conclusion from these admitted facts, that is, that the company intended to waive strict compliance with the condition in the policy for the prompt payment of premiums. Where an insurance company adopts a course of conduct which induces an honest belief, reasonably founded, in the mind of the policyholder that strict compliance with stipulations for prompt payment of premiums will not be insisted upon and that payment may be delayed without incurring a forfeiture, the company will be deemed to have

waived the right to claim an automatic forfeiture and it will by its conduct be estopped from enforcing the same. See 3 Couch Cyc. of Insurance Law §681. 'The doctrine that an insurer may waive its right to insist that the rights of the insured have been forfeited extends to practically every ground for denying liability ...... It also applies ...... to a default in the payment of a premium, which may be waived after the premium has become due': 14 R. C. L. 1155, §335. The company ought not to be permitted to take advantage of a default which it encouraged: Helme v. Philadelphia Life Insurance Co., 61 Pa. 107, 110." See *McGine v. State Mutual Benefit Society*, 135 Pa. Superior Ct., 35, 4 A. (2d) 537.

"Any agreement, declaration or course of action, on the part of the insurance company, which lead a party honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon a forfeiture, though it might be claimed under the express letter of the contract:" *State Life Insurance Co., v. Murray*, 159 Fed. Rep. 408. Under the comparable facts of that case, where the authority of the agent to collect the premium was denied by the insurance company, the court said: "We think ...... the court below were right in submitting to the jury the question whether, under all the circumstances of the case, the plaintiff was not justified in paying the third and last premium to her son, as agent of the company, who had solicited the insurance, delivered the policy and received payment of the first two premiums, as the duly accredited and recognized agent of the defendant."

We are convinced that the evidence was sufficient to submit to the jury whether the insurance company had waived the strict provisions of the policy as to the payment of premiums.

Judgment affirmed.