**Brown v. Metropolitan Life Insurance Company**

*Stuart, Murphy, Hager & Smith,* for plaintiff.
*Candor, Youngman, Gibson & Gault,* for defendant.

GREEVY, P. J., May 8, 1974.—On August 13, 1969, plaintiff, Rachael E. Brown, applied for a policy of insurance with defendant, Metropolitan Life Insurance Company, on the life of her granddaughter, Caroline A. Brown. Pursuant to this application, a policy was issued on September 1, 1969, in which plaintiff was named beneficiary.

The policy contained, inter alia, a provision for the monthly payment of premiums and a 31-day grace period provision. The initial premium on the policy, for the month of September 1969, was paid August 13, 1969, at the time the application was made. The October premium payment was made on October 6, 1969. However, the next premium was not paid until December 15, 1969, and the last one on January 13, 1970.

The insured, Caroline A. Brown, was killed in an airplane crash in Wyandot County, Ohio, on February 7, 1970.

Upon presentation of the claim by plaintiff as beneficiary under the policy, defendant refused to pay any amount on the contract, averring that the policy had lapsed for nonpayment of the premium due on January 1, 1970, thus lapsing the policy as of January 31, 1970. This action in assumpsit followed and, after a trial by jury, a verdict was returned in favor of plaintiff beneficiary in the amount of $15,000, plus six percent interest.

Defendant filed motions for a new trial and for judgment n.o.v.

## MOTION FOR NEW TRIAL

We first consider the motion for a new trial. As a basis for the motion, defendant sets forth the following reasons:

"1. The learned Judge erred in refusing to grant Defendant's Motion for a directed verdict that the Plaintiff failed to prove the policy was in force February 7, 1970, when the insured died.

"2. The learned Judge erred in permitting testimony of payment of premiums by the Plaintiff on insurance policies not in litigation and which had cash surrender value, paid up insurance and conversion privileges not available on the policy in litigation.

"3. The learned Judge erred in overruling the Defendant's objection to questions on premiums paid on other policies of insurance and not the policy in litigation.

"4. The learned Judge erred in his charge to the jury as follows: 'Where and [sic] insurance company adopts a course of conduct which induces an honest belief, reasonably founded, in the mind of the policy-

holder that prompt payment of premiums will not be insisted upon and that payment may be delayed without incurring a forfeiture, the company will be deemed to have waived the right to an automatic forfeiture and it will, by its conduct, be estopped from enforcing that provision. Klopik v. General American Life Ins. Co., 155 Pa. S. 664.'

"5. The verdict was against the law.

"6. The verdict was against the evidence.

"7. The Defendant requests permission to file additional reasons within ten (10) days after transcribing of the testimony and charge."

(No additional reasons were filed.)

With respect to defendant's first contention, we find that the court did not err in refusing to grant defendant's motion for a directed verdict.

Plaintiff contends that by a course of conduct the insurer had waived the right to lapse the policy under the circumstances of this case by inducing an honest belief that prompt payment of premiums would not be insisted upon: Klopik v. General American Life Insurance Company, 155 Pa. Superior Ct. 659 (1944); Poles v. State Mutual Benefit Society, 129 Pa. Superior Ct. 297 (1937).

The question of waiver is a matter of law for the court only where the facts are undisputed and but one inference can be drawn from them: Poles v. State Mutual Benefit Society, supra.

In the instant case, plaintiff introduced evidence that, over a period of several years, agents of defendant had collected monthly premium payments on her insurance policies on an irregular basis; that collections were always made in person by an agent; that premiums on all policies with defendant were paid at the same time, whenever an agent came to her residence; that she received no notice that the policy on the life of Caroline A. Brown had lapsed; and that no

interest had been charged on the "overdue" premiums as provided for in the policy on the life of Caroline. Furthermore, testimony at trial indicated that agents for defendant have a "ten day discretionary period" after the 31-day grace period before an official lapse is submitted.

Whether or not defendant's conduct did constitute a waiver or whether or not there was a lapse at all were clearly questions of fact. After examining the record, we find the proof was not so conclusive in defendant's favor as to have deprived plaintiff of having her case submitted to the jury. Accordingly, it was not error for the court to refuse defendant's motion for a directed verdict: Zenner v. Goetz, 324 Pa. 432, 437 (1936).

Defendant's reasons numbers two and three will be considered together. At trial, plaintiff introduced testimony concerning the payment of premiums on two other life insurance policies, in which plaintiff and defendant were parties, to show a course of conduct in the manner and time of premiums collections from her. Both of these policies contained a provision for the payment of premiums on a monthly basis and a 31-day grace period like the policy at issue here.

By this evidence, plaintiff established that, over a period of approximately seven years, premium collections from her had always been in person by an agent of defendant. The evidence further established that, over this period of time, collections had been irregular in nature, with some collections being made in advance of the due date and others being made in arrears after one or both of the policies would have lapsed. Plaintiff's evidence also showed that she paid whatever amount the agents asked for whenever they came to collect. (Defendant raises no issue of agency concerning the authority of its agents in collecting premiums in this manner over the seven-year period.)

A course of business or custom is relevant to show

the doing of an act and can be shown by specific instances. The only conditions placed upon this proposition are (1) that the instances have occurred under substantially similar circumstances so as to be naturally accountable for by a system only, and not as casual recurrences, and (2) that the specific instances should be numerous enough upon which to base an inference of systematic conduct. See 2 Wigmore on Evidence (Third Ed.) §§376, 377.

Here, the manner and date of the payment of premiums on other policies containing virtually the same monthly payment and grace period provisions were substantially similar conditions so as to render the evidence admissible in establishing a course of conduct. Similarly, we find that the instances were numerous enough upon which an inference of regularity of conduct: Baldridge v. Matthews, 378 Pa. 566 (1954). Having concluded that the conditions for the admission of such evidence were met, we find that the court did not err in admitting the evidence at trial.

With respect to defendant's contention that the court erred in its charge to the jury, we find no error.

A new trial may be granted where a potentially prejudicial and inapplicable theory has been included in a trial judge's instructions: Hamley v. Pittsburgh Railways Co., 365 Pa. 543 (1950). Defendant cites no authority whereby we can conclude that the passage set forth above was an inapplicable theory of law.

In any event, a charge must be considered in its entirety and isolated portions thereof, even if erroneous, will not justify a new trial unless they constitute basic and fundamental error: Segriff v. Johnston, 402 Pa. 109 (1960), certiorari denied, 366 U. S. 941 (1961.)

Here, we find no fundamental error. Furthermore, in carefully reading the charge as a whole, we find that the charge was proper, it was fair and it fully and

adequately instructed the jury properly on the law applicable to the factual situation presented at bar.

Defendant's next contention, that the verdict is against the law, is without merit. A motion for a new trial on this ground must show that the verdict was against the law as stated by the court and this is so even if the law were incorrectly stated: Adams v. Scheib, 408 Pa. 452 (1962); Ferro v. Greberman, 12 Chester 140 (1964). The verdict here was in accord with the court's instruction.

Defendant's final reason for a new trial is that the verdict is against the weight of the evidence.

For a verdict to be against the weight of the evidence, it must be so contrary to the evidence as to shock the court's sense of justice and make the award of a new trial necessary so that right may be given another opportunity to prevail: Burrell v. Philadelphia Electric Co., 438 Pa. 286 (1970); Sheffer v. Bardo, 5 Lyc. 42 (1956). We do not find the verdict to be at all contrary to the evidence, let alone to the degree that our conscious is shocked.

For the reasons set forth above, the motion for a new trial will be dismissed.

## MOTION FOR JUDGMENT N.O.V.

We next consider defendant's motion for judgment n.o.v. As reasons for the motion, defendant lists the following:

"1. Plaintiff failed to prove that the policy of insurance was in force on February 7, 1970, when the insured died.

"2. The verdict was against the evidence that the policy lapsed for non-payment of premium by January 31, 1970.

"3. The Court erred in admitting in evidence payments of premiums on insurance policies other than the policy in litigation.

"4. The Court erred in its charge to the jury that they could consider acceptance of late payments of premium on other insurance policies not in litigation as a course of conduct by the insurance company and a waiver by the company of a right to forfeiture for non-payment of premiums.

"5. Defendant's counsel requests the right to file additional reasons within ten (10) days after transcribing of the testimony and charge."

(No other reasons were filed).

In considering a motion for judgment n.o.v., the evidence, together with all reasonable inferences therefrom, is viewed in the light most favorable to the verdict winner: Kresovich v. Fitzsimmons, 439 Pa. 10 (1970). This we have done and we find no basis for usurping the jury's factual determinations in this case. We accordingly find defendant's first two reasons to be without merit.

With respect to defendant's reasons based upon errors in admitting evidence and in the court's charge to the jury, these are not proper considerations for a motion for judgment n.o.v. and will not be discussed: Rosche v. McCoy, 397 Pa. 615 (1959); Pugh v. Bankers Mutual Insurance Co. of Adams County, 206 Pa. Superior Ct. 136 (1965); Lessy v. Great Atlantic & Pacific Tea Co., 121 Pa. Superior Ct. 440 (1936).

The motion for judgment n.o.v. will be refused.

We make the following

## ORDER

And now, May 8, 1974, defendant's motion for a new trial is dismissed and the motion for judgment n.o.v. is refused.

Final judgment on the verdict in favor of Rachael E. Brown, plaintiff, against Metropolitan Life Insurance Company, defendant, in the amount of $15,000, plus six percent interest, is hereby entered.