## GOVERNMENT EMPLOYEES INSURANCE COMPANY
### v.
### Vernon A. STEITZ et al.
### Civ. A. No. 74-505.

United States District Court, E. D. Pennsylvania.
July 10, 1975.

Harry A. Short, Jr., Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for plaintiff.

Raymond J. Peppelman, Jr., Philadelphia, Pa., for Steitz.

John A. Luchsinger, Media, Pa., for Short.

John J. Walsh, Jr., Philadelphia, Pa., for Herko.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Plaintiff brought this action seeking a declaratory judgment [1] that it has no obligation or liability to the defendant, Vernon A. Steitz, under an automobile liability insurance policy in connection with an accident on February 9, 1972 involving the defendant Steitz. A lawsuit is pending in Delaware County against the defendant Steitz in connection with said automobile accident. The defendants, Edward Short and James White, are plaintiffs in the Delaware County action. This action was tried without a jury on July 1, 1975. After carefully considering the evidence and the arguments presented on both sides, the Court has determined that the plaintiff is entitled to a declaratory judgment that the plaintiff insurance company has no liability under the policy in connection with the automobile accident on February 9, 1972.

Plaintiff, Government Employees Insurance Company (GEICo), is a corporation incorporated under the laws of the District of Columbia and maintains its principal place of business in Chevy Chase, Maryland. All the defendants are citizens of the State of Pennsylvania. The amount in controversy exceeds $10,000.00. Therefore, jurisdiction exists under 28 U.S.C. § 1332.

On February 9, 1972, at approximately 7:00 a. m., defendant Steitz, while driving his 1963 Chevrolet Corvair, became involved in a collision in Chester, Pennsylvania with a vehicle operated by defendant Edward Short. Defendant James White was a passenger in the Short vehicle at the time of the accident. As a result of the collision between Steitz and Short, a parked automobile owned by defendant Lewis Herko was struck and allegedly damaged. Suit has been instituted against Mr. Steitz in the Court of Common Pleas of Delaware County, Pennsylvania by Mr. Short and Mr. White for injuries allegedly sustained in the accident. Defendant Steitz has requested that GEICo defend him in the Delaware County action.

■ Plaintiff, pursuant to its insurance contract with the defendant Steitz,[2] agreed to afford protection to the defendant Steitz and pay on behalf of the insured all sums which the insured became legally obligated to pay as damages because of personal injuries and property damage arising out of the ownership, maintenance or use of an "owned vehicle". An owned vehicle is defined under the policy as:

(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,

(b) a trailer owned by the named insured,

(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided (1) it replaces an owned automobile as defined in (a) above, or (2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days after the date of such acquisition of his election to make this and

---

1. 28 U.S.C. § 2201.

2. The insurance policy issued by the plaintiff to the defendant Steitz is policy number 315-90-79.

no other policy issued by the company applicable to such automobile, or

(d) a temporary substitute automobile;

Plaintiff contends that the vehicle driven by defendant Vernon Steitz was not an owned vehicle within the above quoted definition because Mr. Steitz did not comply with the requirements of paragraph (c)(2) of the policy in that he failed to notify the company of his election to have the 1963 Corvair covered by the policy within 30 days of his acquisition of said vehicle, and, in fact, first notified the company of such an election after the accident in question had occurred. We agree with the plaintiff's contention and make the following findings of fact.

On March 17, 1971, defendant Vernon Steitz was the owner of two 1969 Buick automobiles which were insured by the plaintiff under policy number 315–90–79. On July 28, 1971, Mr. Steitz had one of the 1969 Buicks deleted from coverage under the policy and the plaintiff applied a credit of $74.75 to the remaining balance due under the policy. In October of 1971, defendant Vernon Steitz purchased an additional car, a 1963 Chevrolet Corvair. The Corvair was purchased for $25.00 but was in need of repairs. Mr. Steitz had the necessary repairs made and in December, 1971, the Corvair became operable. Mr. Steitz drove the Corvair from December, 1971 until February 9, 1972, the date of the accident. On that date, approximately seven hours after the accident, at 2:05 p. m., defendant Steitz went to the GEICo office in Jenkintown, Pennsylvania and changed his policy by instructing the plaintiff to add the 1963 Corvair to the policy. While at GEICo, Mr. Steitz saw only one person other than the receptionist, and that was Barbara Yates, whose duties were limited to making changes in GEICo policies. Barbara Yates, whose office is on the first floor, testified that her duties did not include taking information concerning claims and that the claims division was located on the second floor of the GEICo office. She further testified that if Mr. Steitz had stated that he wished to file a claim, she would have referred him to the claims department. After adding the 1963 Corvair to defendant Steitz's policy, Barbara Yates testified that she handed Mr. Steitz a copy of the change order in accordance with the plaintiff's standard procedure. Thereafter, on March 5, 1972, defendant Steitz notified the plaintiff that the 1963 Corvair was involved in an accident on February 9, 1972. On June 21, 1973, the plaintiff informed defendant Steitz by letter that his 1963 Corvair did not qualify as an insured vehicle under the policy in connection with the 7:00 a. m. accident on February 9, 1972.

The evidence presented leaves the Court with no conclusion other than that at the time of the accident, defendant Steitz's 1963 Corvair was not covered by the policy. More than thirty days had elapsed since he had acquired the 1963 Corvair and no evidence was presented by defendant Steitz that prior to the accident he had requested coverage for the 1963 Corvair other than his uncorroborated testimony that he had telephoned GEICo and instructed them to add the Corvair to the policy. The Court finds that this testimony by defendant Steitz is not credible. Defendant Steitz presented no bill from GEICo as to such coverage, he had no evidence of having paid for such coverage, he was unable to testify concerning the date of said telephone call or identify the person to whom he spoke. Furthermore, although he testified that the purpose of his visit to the GEICo office on February 9, 1972, the day of the accident, was to file a claim with GEICo concerning the accident, the records of GEICo disclosed that their only contact with defendant Steitz on February 9, 1972 was with Barbara Yates, who is not in the claims

department. She testified that defendant Steitz had talked to her solely about adding the 1963 Corvair to his policy, and she further testified that he did not advise her that coverage for the Corvair had been requested at an earlier date. Furthermore, GEICo's records show that it received its first report of the February 9, 1972 accident after March 5, 1972.

 Defendant Steitz contends, however, that since sixteen months elapsed between the time he notified the plaintiff that he was involved in an accident with his 1963 Corvair and the time that the plaintiff notified him that there was no coverage under the policy because the Corvair was not an insured automobile at the time of the accident, the plaintiff had waived its right to disclaim coverage under the policy or is estopped from denying coverage under the policy. A waiver of a defense under an insurance policy may be implied from the conduct of the insurer with reference to the insured, which conduct evidences an intention not to insist on some performance due to the insurer under the terms of the policy, as a result of which the insured is induced to change his position so that it would be inequitable to enforce the performance required by the policy. See 19 P.L.E. Insurance § 266 at 102. However, in *Wasilko v. Home Mutual Casualty Company*, 210 Pa.Super. 322, 232 A.2d 60 (1967), the law was stated as follows:

> The rule is well established that conditions going to the coverage or scope of a policy of insurance, as distinguished from those furnishing a ground of forfeiture, may not be waived by implication from the conduct or action of the insurer. The doctrine of implied waiver is not available to bring within the coverage of an insurance policy, risks that are expressly exclud-

ed therefrom. In Pennsylvania, the doctrine of waiver or estoppel cannot create an insurance contract where none existed.

Nor is this a situation where the coverage of an insurance contract is enlarged by reason of an estoppel. To work an estoppel, there must be such conduct on the part of the insurer as would, if the insurer were not estopped, operate as a fraud on some party who has taken or neglected to take some action to his own prejudice in reliance thereon. Accordingly, an insurer is not estopped to deny liability on a policy where the plaintiff was not misled by the defendant's conduct. (Citations omitted.) *Wasilko* at 328, 232 A.2d at 63.

The record in this case is completely devoid of any evidence that the plaintiff insurance company had prior knowledge of its defense of non-coverage or that the defendant Steitz was caused to change his position in reliance upon any act of the plaintiff. There is further no evidence that the conduct of the plaintiff has been such as to induce action or reliance on the part of Mr. Steitz, or that the plaintiff pursued any course of conduct which tended to mislead Mr. Steitz, or to lull him into acting or not acting to his detriment. These factors are essential to establish defense of estoppel or implied waiver. *Sabino v. Junio*, 441 Pa. 222, 272 A.2d 508 (1971); *Sack v. Glens Falls Ins. Co.*, 360 Pa. 424, 61 A.2d 852 (1948); *Brown v. Pennsylvania Casualty Co.*, 207 Pa. 609, 56 A. 1125 (1904); *Wasilko v. Home Mutual Casualty Company*, 210 Pa.Super. 322, 232 A.2d 60 (1967).

This Memorandum and Order is in lieu of findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. We shall enter judgment for the plaintiff.