Wainstein *v.* Equitable Life Assurance
Society, Appellant.

Argued April 2, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, MAXEY, DREW and LINN, JJ.

*Charles B. Jarrett,* of *McCook & Jarrett,* with him
*Karl W. Warmcastle,* for appellant.

*William H. Eckert,* with him *David Silverblatt* and
*Smith, Buchanan, Scott & Gordon,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 22, 1935:
This is a suit on an insurance policy in which the de-
fendant company agreed (1) to pay $10,000 "upon re-
ceipt of due proof of the death of the insured [Louis
Wainstein], provided premiums have been duly paid and
the policy is in force"; (2) to pay $20,000 "upon due
proof that the death of the insured occurred in conse-
quence of bodily injury effected solely through external,
violent and accidental means . . ." and resulting in
death within ninety days thereafter. The insured met
death on March 28, 1932, as a result of violence externally
applied. He was run over by the engine of a passenger
train. The only issue was, were the means of death acci-
dental? The engineer of the locomotive which ran over
the insured testified that while the train was traveling on
an eastbound track at a speed of from 50 to 55 miles an
hour, at 5:42 a. m., he saw (the track being illuminated

by the locomotive's headlight) the insured cross the west-bound track and "he came across and he stopped in the middle of the [eastbound] track to put his hands on the rail. I thought [testified the engineer] he was putting caps on the track, on the rails, then he laid across the rails."

Plaintiff claimed in the suit only $10,000 with interest, from April 4, 1932, for on April 28, 1932, defendant paid plaintiff the "face amount of the policy without prejudice to any possible claim for double indemnity by reason of death from accident." After trial the jury returned a verdict for the plaintiff for the full amount claimed. Motions for a new trial and for judgment n. o. v. were refused. Defendant appealed.

The first assignment of error is based upon an excerpt from the charge of the court which contains two statements, as follows: "There is no evidence in this case of any motive for the insured Louis Wainstein to have taken his own life." So far as the record discloses, this statement was warranted. The second statement is: "While proof of an intent is not necessary, it is well known that as a rule people desire to live, and the presumption is that a person does not voluntarily destroy what is the most precious of all possessions." It is obvious from the entire charge that the learned trial judge was using the word "presumption" in the sense of a probability permissible for the jury's consideration and not as a legal presumption which possessed the weight of a probative fact. However, it might have been made clearer that mere probabilities which must arise in any jury's deliberations on issues of fact cannot be accepted as substitutes for evidence and do not amount to presumptions which shift the burden of proof. What we said in the opinion filed in Walters v. Western & Southern Life Ins. Co., 318 Pa. 382, 178 A. 499, as to the nature of presumptions, is equally applicable here. See also Watkins v. Prudential Ins. Co., 315 Pa. 497, 173 A. 644. The trial judge affirmed the defendant's third request which reads as fol-

lows: "There is no presumption in this case that Louis Wainstein's death resulted from accidental means," and also the fifth request, reading as follows: "The burden is upon the plaintiff to establish that the death of the insured was caused by purely accidental means." This was correct and left the jury in no doubt as to the burden that rested, without any shifting, upon the plaintiff throughout the entire trial. The first assignment of error is overruled.

The second assignment of error is based upon an excerpt from the charge in which the trial judge said in substance that circumstantial evidence might take the place of the testimony of eyewitnesses in proving that death was accidental. This assignment is overruled.

The third assignment of error is based upon an excerpt from the charge in which the trial judge said, inter alia: "It is for you to determine whether what the engineer stated actually represented the facts, and the only way you can determine that is by considering all the testimony in the case." This assignment is overruled. The exactness of the engineer's observations and the accuracy of his statements were for the jury. "Credibility is the touchstone of testimony in the measure of its weight": Lindemann v. Pgh. Rys. Co., 251 Pa. 489, 493, 96 A. 1085.

The fourth, fifth, sixth, and seventh assignments are based upon excerpts from the charge of the court referring to the witnesses called by the plaintiff "to establish that there was no reason for this man to have taken his own life," and that just before his death he was apparently not in a melancholy or depressed mood. It was proper to permit the plaintiff to prove in this case absence of any motive for suicide and the evidence offered was competent for this purpose. These assignments are overruled.

The eighth and eleventh assignments of error are based upon the refusal of the court to charge the jury that "there is no evidence in this case that Louis Wainstein died as a result of accidental means." These assignments

are overruled. There was testimony in this case which, if believed, would warrant the inference that the death of the deceased was accidental and not intentional. The statement of the engineer that the deceased apparently stooped over the rail and lay down on the track was merely the engineer's conclusion. Different persons may honestly differ as to the conclusions they draw from another's actions. The insured's actions which the engineer testified he witnessed might have resulted from an attack of vertigo or from a tripping of his foot. Furthermore, a man in an engine traveling 55 miles an hour at 5:42 a. m. might easily be mistaken as to the actions of one who suddenly came within his range of vision. The engineer's testimony, while constituting strong evidence in support of the defense of suicide was by no means legally conclusive. Its weight was for the jury.

The ninth assignment of error is that the charge was inadequate in that the trial judge failed to explain to the jury the distinction between accidental death and death resulting from accidental causes. While there may be some cases in which this distinction should be pointed out, it is, under the facts of this case, one of academic interest only. This assignment is overruled.

The tenth assignment of error is based upon the refusal of the court to grant a new trial. It is overruled.

The twelfth assignment of error is based upon the refusal of the court to enter judgment n. o. v. What we said in discussing the eighth and eleventh assignments of error is pertinent here. The assignment is overruled.

The judgment is affirmed.