Marlowe, Appellant, *v.* Travelers Insurance Company of Hartford, Conn.

Argued October 7, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

386

*Dale B. Painter,* of *Painter & Painter,* with him *W. H. Martin* and *A. R. Cingolani,* for appellant.

*J. Campbell Brandon,* with him *W. D. Brandon* and *F. Clair Ross,* for appellee, were not heard.

PER CURIAM, November 25, 1935:

The order of the court below granting a new trial is affirmed upon the opinion of Judge GRAFF, specially presiding. The trial judge's direction of a verdict in favor of plaintiff was obviously based upon the misconception of the import of a sentence in the opinion of Mr. Justice SCHAFFER when this case was previously before us in 1933 (313 Pa. 430). It was also based upon a misunderstanding of the rule we laid down in Watkins v. Prudential Ins. Co., 315 Pa. 497, 173 A. 644. We there distinctly pointed out that in an action on an insurance policy where the insured came to his death "through external, violent and accidental means" and where the defense is suicide, that the burden to prove all the operative facts by a fair preponderance of the evidence rests upon the plaintiff, that the necessary proof-element of accidental death is not supplied, prima facie, by the so-called "presumption against suicide," that what is often thus miscalled "a presumption against suicide" is not a legal presumption binding on the jury prima facie till disproved nor is it a probative fact but it is for the jury a merely permissible consideration of the nonprobability of death by suicide; it is not evidence and must not be substituted for evidence.

Order affirmed.