Heffron, Admrx. *v.* Prudential Insurance Company of America, Appellant.

Argued October 23, 1940.

Before

308

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

A. *Floyd Vosburg*, of *Vosburg & Vosburg*, for appellant.

*Raymond T. Law*, with him *Edgar J. Lynett*, for appellee.

OPINION BY HIRT, J., April 16, 1941:

Peter Kaub held five life insurance policies issued by defendant aggregating $1,077 payable to his estate. Each of the policies contained a clause agreeing that upon receipt of due proof that the insured "has sustained bodily injury, solely through external, violent and accidental means ...... resulting in the death of the insured within ninety days from the date of such bodily injury ...... the company will pay in addition to any other sums due under the policy ...... an accidental death benefit equal to the face amount of insurance stated in the policy." Within the exceptions of the policy it is specifically provided that "no accidental death benefit will be paid if the death of the insured resulted from suicide."

Insured died from drowning at age 68 on April 9, 1937 and the policies then were in full force. Defendant promptly paid the face amounts of the policies but refused to recognize plaintiff's claim for double indemnity, contending that death was from suicide and

not through accidental means. The case was tried twice (see *Heffron, Admrx. v. Prudential Ins. Co.,* 137 Pa. Superior Ct. 69, 8 A. 2d 491), each trial resulting in a verdict for plaintiff for $1,077 with interest. This appeal followed the refusal of the lower court in the second trial to enter judgment for the defendant n. o. v. and the issue raises the question of the sufficiency of plaintiff's evidence to sustain the finding that death resulted solely through external, violent and accidental means.

That there were no eyewitnesses to the drowning does not necessarily defeat the right of recovery, for death from accident may be established wholly by circumstantial evidence. "The evidence may be sufficient to sustain a finding that death occurred through external, violent and accidental means although there are no eye-witnesses (*McCullough v. Railway Mail Assn.,* 225 Pa. 118), or although it does not 'establish a specific one of a number of accidental causes,' if it does in fact fairly exclude design or disease": *Pomorskie v. Pruden'l Ins. Co. of Am.,* 318 Pa. 185, 177 A. 783; *Taylor v. General Acct. Assur. Corp.,* 208 Pa. 439, 57 A. 830; *Stewart v. Prudential Ins. Co.,* 92 Pa. Superior Ct. 256. Therefore, if in the evidence there are credited facts or circumstances, or both, from which the jury may infer legitimately that the insured's death resulted from accidental means, plaintiff is entitled to recover. *Watkins v. Prudential Ins. Co.,* 315 Pa. 497, 173 A. 644.

The well recognized distinction between death due to an accident which is the natural or probable consequence of the means voluntarily employed which produced it, and death due to accidental means (*Urian v. Equitable Life Assur. Soc.,* 310 Pa. 342, 165 A. 388; *Adams v. Metro. Life Ins. Co.,* 136 Pa. Superior Ct. 454, 7 A. 2d 544) is unimportant in this case, for if insured's death was by accidental drowning, it comes squarely within the combination of external, violent and accidental means. *Trau v. Preferred Accid. Ins. Co.,* 98 Pa. Su-

perior Ct. 89. But when claim is made that death was so caused and the defense is suicide, the burden to prove all the operative facts by a fair preponderance of the evidence rests upon the plaintiff, and the necessary proof-element of accidental death is not supplied, prima facie, by the so-called "presumption against suicide." *Marlowe v. Travelers Ins. Co.*, 320 Pa. 385, 181 A. 592; *Cockcroft v. Metro. Life Ins. Co.*, 125 Pa. Superior Ct. 293, 189 A. 687. However, in considering whether this burden has been met, plaintiff of course must be given the benefit of every favorable inference of fact which reasonably may be deduced from the evidence.

The uncontradicted evidence is that insured, for 12 years, had made his home with his daughter and her husband in the borough of Taylor. He busied himself by assuming a number of duties in the household; he raised chickens and canaries; his occupation had been that of a gardener and he cared for the lawn and the garden and occasionally did similar work for others in the neighborhood. The son-in-law testified that the value of the services rendered exceeded the cost of his maintenance. He was drowned in the Lackawanna River not far from his home. He had been in the habit of gathering driftwood from the river and coal from along its banks, sufficient for the needs of the household, and on the morning of his death said that he was going to the river for wood. The river was swollen, though not at flood stage, and the current was swift; conditions favorable to more than the usual amount of floating driftwood, but making its recovery difficult if not dangerous. His body was found down stream from the vicinity of the place he was accustomed to gather coal and wood. To eliminate the possibility that the drowning may have been caused by a fall due to illness, plaintiff proved that insured was in reasonably good health. There was no apparent motive for suicide nor evidence of a suicidal intent. The night before and on the morning of his death insured ap-

parently was in good spirits. He was happily situated in his daughter's home with no apparent reason for concern for the immediate future. Plaintiff's testimony goes much further than showing merely that life to him was more attractive than death. The preponderance of the evidence not only supports the finding of death from accidental means, but excludes the inference of suicide. It is not improbable in the absence of eyewitnesses that more could not be shown. Defendant contends that there were other facts consistent with its theory of suicide which were developed at the first trial but do not appear in the record before us in this appeal. To benefit by the inferences from those additional facts defendant should have proved them. Defendant offered no testimony. In cases of this nature, where plaintiff's circumstantial evidence of accidental death is not strong and as a whole comes close to the border line, the testimony, nevertheless, is prima facie sufficient, presenting a case which must be submitted to the jury. Since defendant failed to offer any evidence rebutting plaintiff's prima facie case of accident and affirmatively proving death by suicide, the verdict of the jury will not be disturbed. *Pomorskie v. Pruden'l Ins. Co. of Am.*, supra; *Walters v. W. & S. Life Ins. Co.*, 318 Pa. 382, 178 A. 499; *Wainstein v. Equitable L. Assur. Soc.*, 318 Pa. 428, 178 A. 502; *Slattery v. Great Camp,* 19 Pa. Superior Ct. 111.

Defendant also assigns as error plaintiff's failure to furnish sufficient proofs of accidental death. In its affidavit of defense defendant contented itself with a bald denial of plaintiff's allegation that the proper proofs were furnished. From the fact that the insurance on the life of deceased was promptly paid we may assume that proofs of death were delivered to defendant. And if these proofs were considered insufficient to support a claim for additional benefits for death from accident it was the duty of the company to give im-

mediate notice to the plaintiff of its objection, pointing out the defects in the proofs so that additional information might be supplied if available.. Defendant insurer neglected to do so and its silence therefore must be held a waiver of inadequacies in the proofs, and the proofs of death must be considered as having been made in full compliance with the policies or the irregularities were waived. *Girard Life Ins. Co. v. Mutual Life Ins. Co.*, 97 Pa. 15. As far as the record discloses, the first notice to plaintiff that the proofs were not satisfactory was contained in the affidavit of defense filed nine months after the death of insured. "If they were defective or not in conformity with the policy it was then too late to assert the fact": *Wakely v. Sun Ins. Office*, 246 Pa. 268, 92 A. 136. Moreover, here, the record shows that throughout this case defendant placed its defense of the claim for double indemnity on death by suicide, and defendant cannot now be permitted to change its position., "It is well settled that where an insurance company denies liability under the policy because of some ground of defense wholly apart from the furnishing of proofs of death, the beneficiary under the policy can bring an action without furnishing formal proofs of death": *Umbras v. Prud. Ins. Co.*, 130 Pa. Superior Ct. 437, 198 A. 470. It has been held many times that an insurance company may waive filing a technical proof of loss. *Fedas v. Ins. Co. of State of Penna.*, 300 Pa. 555, 151 A. 285; *Cockcroft v. Metro. Life Ins. Co.* supra.

We find no merit in the remaining assignments of error.

Judgment affirmed.