**LENNIG v. NEW YORK LIFE INS. CO.**

No. 7719.

Circuit Court of Appeals, Third Circuit.

Oct. 1, 1941.

S. Khan Spiegel, of Philadelphia, Pa., for appellant.

Joseph S. Conwell, of Philadelphia, Pa. (Joseph S. Conwell, Jr., of Philadelphia, Pa., Louis H. Cooke, of New York City, and Pepper, Bodine, Stokes & Shoch, of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

This appeal grows out of an action brought by the beneficiary of a contract of life insurance to recover the double indemnity provided for by the policy in the event that the insured died from injuries effected through "external, violent and accidental cause." At trial, the jury disagreed and was discharged. The respective parties then filed separate motions for judgment on the record under Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. fol-

lowing section 723c. The court below granted the defendant's motion, on the ground that the plaintiff's proofs failed to establish that the cause of the insured's death was accidental, and entered judgment accordingly. Whether the lower court's action was justified, as a matter of law, is the question raised by the plaintiff's present appeal.

Frederick Lennig died as the result of a fractured skull and other bodily injuries received through the impact of a fall from a third story window in his home to the paved areaway at the ground level below. His life was insured by the defendant company under a policy whereof his wife was the beneficiary. In addition to the fixed or face amount payable by the company upon the insured's death, the policy also provided that the company would pay the beneficiary double the face of the policy "upon receipt of due proof that the death of the Insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental cause." The policy excluded from the benefits of the double indemnity clause a death from suicide, from mental infirmity or illness, or from disease. The company refused to pay the beneficiary's claim for the double indemnity, but did pay, without prejudice to the beneficiary's rights, the face amount of the policy. The beneficiary thereupon brought suit in a state court to recover the double indemnity, and the defendant, after removing the case to the District Court, filed an affidavit of defense denying that the insured's death was due to injuries effected through external, violent and accidental cause, and alleging that his death was the result of his own intended act of self-destruction. The proofs leave no doubt, in fact it is undisputed, that the cause of the fatal injuries was both external and violent. Consequently, the sole question here is whether the evidence produced by the plaintiff was legally sufficient to support a finding by a jury that the insured's injuries, which admittedly caused his death, were due to accidental cause.

■■■ Federal jurisdiction of the case rests upon the diversity of the citizenship of the parties. In such instance, it has been held that the question of the legal sufficiency of the evidence in support of a claim is to be determined according to the local law applicable to the rights of the parties. See Stoner v. New York Life Insurance Co., 311 U.S. 464, 468, 61 S.Ct. 336, 85 L.Ed. 284. The question presently raised is therefore to be decided according to the law of Pennsylvania.

■■■ There were no eye-witnesses to the insured's fall. None the less, the accidental cause of the fall may be inferred from the attending circumstances if the inference be warranted. See Heffron, Adm'r'x v. Prudential Insurance Company of America, 144 Pa.Super. 307, 309, 19 A.2d 556. What circumstances have been deemed to be legally sufficient to justify the inference of accident have naturally varied according to the particular cases. But, even though the fact of accidental death depends upon inference from surrounding circumstances, where the injuries causing death are externally and violently inflicted, the question of accident is usually for the jury. In the Heffron case, supra, the Pennsylvania Superior Court recently said (144 Pa.Super. at page 311, 19 A.2d at page 559) that "In cases of this nature [i.e. involving death from cause externally and violently effected], where plaintiff's circumstantial evidence of accidental death is not strong and as a whole comes close to the border line, the testimony, nevertheless, is prima facie sufficient, presenting a case which must be submitted to the jury." It seems to be well settled in Pennsylvania that a case of accidental cause of injury sufficient to go to the jury has been made out when it has been established that the injuries were effected through external and violent cause and that the deceased had no apparent reason to take his own life. Such have been the surrounding circumstances sufficient to "warrant the inference that the death of the deceased was accidental and not intentional." Wainstein v. Equitable Life Assurance Society, 318 Pa. 428, 432, 178 A. 502, 504; Walters v. Western & Southern Insurance Co., 318 Pa. 382, 388, 178 A. 499. Any circumstance opposing the inference of accident is merely matter for the jury's consideration.

In the Wainstein and Walters cases, supra, where verdicts for the beneficiaries were upheld, the proof of accidental injury causing death was no stronger from a legal viewpoint than the evidence in the instant case. In the Wainstein case, the engineer of the locomotive which killed the insured testified that the latter had deliberately lain across the tracks. Yet, the deceased's natural motive to live was the fact which, in conjunction with the external and vi-

olent cause of death, was sufficient to carry the case to the jury on the question of accident. In the Walters case the insured removed a revolver from its holster in his wife's bedroom, telling her that he intended to clean it. He took it into the bathroom and, five minutes later, his wife heard a shot. When the door was opened, the insured was found unconscious from a fatal bullet wound in the right temple. No intention to commit suicide was shown. The defendant there argued for judgment n.o.v. because the plaintiff had failed to prove the presence of cleaning instruments to show the insured's intention and had not proven that the revolver was loaded when the insured took it into the bathroom where cartridges were found on the floor. The court said that these were merely matter for argument and that the question of accidental injury was for the jury. The opinion in the Walters case contains no suggestion that it was the deceased's declaration of intention which carried that case to the jury. Cf. Hill v. Central Accident Insurance Co., 209 Pa. 632, 633, 59 A. 262.

In the instant case the insured was last seen by his wife shortly before his fall while he was working in an alcove on the third floor of his home close by an open window, from which he later fell, and the sill of which was twenty-seven inches from the floor. The insured was attending, as was his custom and pleasure, to flowers and plants on a table placed diagonally because of the limited space in the alcove. He conversed pleasantly with his wife, who did not remain long but descended to the second floor to attend to some personal matters at which she was still engaged when called to the front door by a neighbor who informed her that her husband had just fallen to the ground, where he was then lying unconscious. He was carried into his home where, shortly afterwards, he was pronounced dead upon the doctor's arrival. The insured, who was sixty-five years old at the time of his death, had long been engaged in a business in which he was interested up to the time of his death. He had no financial worries and was living happily with his wife to whom he had been married thirty years. There was no proof that he had ever threatened or contemplated suicide. His presence on the third floor and his working there under the conditions obtaining were satisfactorily explained as the usual and ordinary practice of the insured.

The evidence thus adduced by the plaintiff was sufficient under the law of Pennsylvania to warrant an inference that the insured's fall was accidental. The learned court below, assuming, if not conceding, as much, concluded that an inference of intentional fall could equally be drawn from the surrounding circumstances, and, for that reason, held that the plaintiff's proofs failed to sustain her burden of establishing accidental death. Yet, in Watkins v. Prudential Insurance Company of America, 315 Pa. 497, pages 503, 504, 173 A. 644, page 648, 95 A.L.R. 869 (a case of monoxide poisoning in the insured's own garage), the Supreme Court of Pennsylvania had said,—"As they deliberated on this case, the jurors had the right to bear in mind the fact that to the average human being, life is more attractive than death. They [the jury] were thus entitled to consider, *on an even balance of the evidence* as between accidental death and suicide, the probabilities against suicide;" etc. (Emphasis supplied.) It is of no present moment that the judgment on the verdict for the beneficiary in the Watkins case, supra, was reversed and a new trial awarded. The trial court had there erroneously given to the probability against suicide the effect of a presumption of law supplying evidence of accident. This was held to have been improper. Nevertheless, under proper instruction, the probability of accident rather than suicide would still be for the jury under the circumstances of the death effected through external and violent cause.

It is unnecessary for us to relate or pass upon the facts in the instant case from which, it is said, an inference may be drawn that the insured's fall was intentional. At best, such facts are for the jury and not for the court. Certain it is that suicide must be proven. There is no legal presumption of intentional death. Necessarily, therefore, any finding of suicide would have to rest upon evidence either direct or circumstantial. But, assuming that an inference of suicide is admissible under the facts in this case and recognizing that the plaintiff's burden to prove accidental death endures throughout, once the evidence adduced by the plaintiff became sufficient to warrant an inference of accident, it was thereupon the jury's exclusive duty to determine which of the

two inferences was the more reasonable under all of the attending circumstances. Cf. Watkins v. Prudential Insurance Company of America and Hill v. Central Accident Insurance Co., supra. The court could not, therefore, without invading the jury's province, say that both inferences are *equally* deducible; nor could it say that the one inference might not be adopted in preference to the other. To hold otherwise would be tantamount to saying, in a case such as the present, that, although the insured died from injuries admittedly effected through external and violent cause, a finding of accidental death can not be made in the absence of direct proof as to the cause of the fall. Such is not the law of Pennsylvania. The fact that there was no direct proof of how the insured happened to fall out of the window did not preclude an inference of accidental fall if the attending circumstances warranted it. See Pomorskie v. Prudential Insurance Company of America, 318 Pa. 185, 189, 177 A. 783; Kelly v. Prudential Insurance Company of America, 334 Pa. 143, 148, 6 A.2d 55; Watkins v. Prudential Insurance Company of America, supra. And we have already seen that the evidence in this case was legally sufficient to justify an inference of the insured's accidental fall.

The appellant cites and relies upon the case of DeReeder et al. v. Travelers Insurance Company, 329 Pa. 328, 198 A. 45, which, in the opinion of the learned court below, "entirely disposes of the plaintiff's contention in the present case." However, we do not so construe the effect of the decision in the DeReeder case. In passing, we apprehend it to be the duty of a federal court, when called upon to ascertain and apply local law, to look to the status, generally, of the pertinent local law rather than to an isolated case, marked by the peculiarity of its own particular facts. In any event, the DeReeder case is not in point on the question here involved as to the sufficiency of the plaintiff's evidence. The DeReeder case grew out of an appeal by a plaintiff beneficiary from a judgment entered on a jury's verdict for the defendant insurance company. The question involved on the appeal was whether the trial court had erred when it charged the jury that the issue was not between accidental death and suicide but between accidental death and all other possible causes of death. The instruction was approved by the appellate court as "a clear statement and one that was the trial Judge's duty to make." The jury, under proper instructions, having resolved the facts in favor of the defendant, the judgment entered on the verdict for the defendant was of course proper.

Not only was it the plaintiff's burden in the DeReeder case, supra, to establish accidental death, but the pertinency of the particular instruction, there given, was peculiarly indicated by the paucity of evidence in that case. Thus, the fact of the insured's death, itself, rested wholly on an inference to be drawn from the circumstance that the insured, while unobserved by anyone, had disappeared from a ship, thirteen miles at sea, and was never thereafter seen. While the fact of the insured's death was thus inferentially established, there was no proof whatsoever, even circumstantial, that the insured had died from an injury effected through external and violent cause. As the Pennsylvania court pointed out (329 Pa. at page 333, 198 A. 45), the insured might have died from heart failure or apoplexy, while leaning over the rail, and have fallen into the sea. It was because of the absence of any proof as to the *cause* of death that the Pennsylvania appellate court used the quotation, "one guess is as good as another." This, the learned court below mistakenly adopted in the instant case as justification for its action in entering judgment for the defendant. Where, as in the DeReeder case, there is no proof, either direct or inferential, as to the cause of death, a court will not permit a jury to guess as to a probable cause, but where, as here, the proven cause of death was bodily injury effected through external and violent means and the surrounding circumstances show that the deceased had a motive to live, the jury may infer that the cause of the fatal injury was accidental. The case was therefore for a jury.

The judgment of the District Court is reversed and a new trial ordered.