## LENNIG v. NEW YORK LIFE INS. CO.
### No. 8020.

Circuit Court of Appeals, Third Circuit.

Submitted on briefs July 10, 1942.

Decided Sept. 4, 1942.

S. Khan Spiegel, of Philadelphia, Pa., for appellant.

Joseph S. Conwell and Joseph S. Conwell, Jr., both of Philadelphia, Pa., and F. H. Pease, of New York City, for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The jury having failed to agree upon a verdict at a former trial of this case, the District Court, upon motion, entered judgment for the defendant on the ground that the proofs were legally insufficient to justify a verdict in the plaintiff's favor. The claim sued for grows out of a life insurance policy issued by the defendant and is for the double indemnity provided for by the policy in case the insured's death resulted from bodily injuries effected through external, violent and accidental cause. Federal jurisdiction of the case rests upon the diversity of the citizenship of the parties and the amount in controversy. The law of Pennsylvania therefore governs the substantive rights of the parties. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Upon the plaintiff's appeal from the judgment thus entered, we held that the evidence in the case warranted an inference, permissible under the law of Pennsylvania, that the insured's fall, which effected externally and violently his fatal injuries, was accidental and that it was for the jury to accredit or reject the inference. Accordingly, we reversed and remanded the case to the District Court for a new trial. See Lennig v. New York Life Insurance Co., 3 Cir., 122 F.2d 871.

The consequent retrial of the case resulted in a verdict for the plaintiff for the amount of the claim with interest. Upon motion, the learned trial judge entered judgment for the defendant, notwithstanding the verdict, in the belief that an opinion rendered by the Supreme Court of Pennsylvania (Whigham v. Metropolitan Life Insurance Co., 343 Pa. 149, 22 A.2d 704, 706), after our decision on the former appeal, restated the pertinent rule of Pennsylvania and that, thereby, the jury is not permitted, under the facts of this case, to infer an accidental fall to the exclusion of an intentional fall. It is unnecessary to relate again the material facts. They are fully set forth in our opinion on the first appeal. In its legal effect, the testimony for the plaintiff at the second trial was substantially the same.

If, as the learned trial judge apprehended, the later decision in the Whigham case interpreted the law of Pennsylvania differently than we had perceived it to be in our earlier opinion, then the court below was quite right in applying to the retrial of this case the rule if and as made plain subsequently by binding state court decision. This is necessarily so. The duty resting upon a federal court, in appropriate circumstances, is to ascertain and apply local law and not to make it. But, where a federal court of appeals in a given case has ascertained and applied what it apprehends to be the pertinent state law, such ascertainment of the local law is binding upon the trial court at the retrial of the case unless it is clearly made to appear by subsequent statute, no more than declaratory, or by binding state court decision that the law of the state was other than what the federal appellate court had understood it to be.

The question therefore on the instant appeal is whether the opinion of the Supreme Court of Pennsylvania in the Whigham case applies a rule any different than what we construed the pertinent law of that state to be in our former opinion. We think not. The absence of any facts in the Whigham case to show how the insured received his fatal injuries called for an application of the rule as to circumstantial evidence, viz., that "the circumstances attendant upon a violent death must be such as to engender in the mind such a strong belief in the

582

probability that the death was accidentally caused as to rationally outweigh all other probabilities as to the cause of death." In that case, the insured, while a mental patient in a hospital, was found upon the floor of a lavatory with a fractured skull. An autopsy further revealed "a fractured sternum and superficial abrasions of the forehead and lower lip". There was no evidence whatsoever as to how those injuries had been received. In its legal aspect, the Whigham case is similar to the case of De Reeder v. Travelers Insurance Company, 329 Pa. 328, 198 A. 45, which we considered and distinguished in our former opinion. See 122 F.2d at page 874. In each of those cases the fact that the circumstances as to the manner of the infliction of the fatal injuries were unproven required that the proven facts and circumstances be such as to supply an exclusory inference of accidental cause. Such however is not this case any more than it was in Wainstein v. Equitable Life Assurance Society, 318 Pa. 428, 178 A. 502, or Walters v. Western & Southern Insurance Co., 318 Pa. 382, 178 A. 499, or Watkins v. Prudential Insurance Company of America, 315 Pa. 497, 173 A. 644, 95 A.L.R. 869, in each of which the inference of accident was for the jury under facts no more exclusory of all other inferences than are the facts in the instant case.

The judgment for the defendant is reversed and the case remanded to the District Court with directions to enter judgment on the verdict for the plaintiff.