511 A.2d 866

**Charles BENJAMIN, Appellee,**

v.

**ALLSTATE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1986.

Filed July 2, 1986.

270

Anthony J. Frayne, Jr., Philadelphia, for appellant.

Arnold H. Winicov, Philadelphia, for appellee.

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

Charles Benjamin was injured in a motor vehicle accident on May 22, 1979. He was insured by Allstate Insurance Company pursuant to a policy which provided coverage for two vehicles owned by Benjamin. Allstate paid work loss benefits in the amount of $15,000.00. Benjamin, being of the opinion that he could "stack" coverages, made a claim for an additional work loss benefit of $15,000.00. Allstate denied the claim, and Benjamin sued. When the suit was initially submitted to compulsory arbitration, the board of arbitrators allowed work loss benefits to be stacked and entered an award in favor of Benjamin for an additional $16,800.00. Allstate filed an appeal to the Court of Common Pleas of Philadelphia County.

Trial was thereafter delayed until the Supreme Court had rendered its decision in *Antanovich v. Allstate Insurance Co.*, 507 Pa. 68, 488 A.2d 571 (1985). On March 25, 1985, the instant action came on for trial before the court without a jury. At trial, Benjamin's counsel relied upon Allstate's admission of the first seven paragraphs of the complaint. These admissions established the facts already recited in this opinion. Paragraph 8 of the complaint, which alleged that Benjamin was entitled to payment of an additional work loss benefit because of insurance provided for the second vehicle, was specifically denied. Without introducing any further evidence, the plaintiff rested. When it was thereafter ascertained that the Benjamin policy was not present in the courtroom and/or available for examination, the trial court directed Allstate's counsel to obtain an authenticated policy and continued the trial to permit him to do so. When trial reconvened four days later, Allstate's counsel produced a copy of Allstate's standard policy, but he was unable to show that it was an authenticated, exact copy of the policy which had been issued to Benjamin. The

trial court, therefore, found in favor of Benjamin in the amount of $24,900.00. A motion for post-trial relief was denied, and judgment was entered on the verdict of the trial court. Allstate appealed. We reverse.

In *Antanovich v. Allstate Insurance Co., supra,* the Supreme Court held that where a policy of automobile insurance contained unambiguous language precluding the stacking of work loss benefits, the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., did not prevent the enforcement thereof. In the face of such plain and unambiguous language, the Court said, an insured could have no reasonable expectation of obtaining stacked benefits. *Id.,* 507 Pa. at 76–77, 488 A.2d at 575.

The trial court in the instant case interpreted *Antanovich* as shifting the burden of proof in an action on an insurance policy to the defendant insurer. The court held that appellant was required to disprove the plaintiff-appellee's claim for double work loss benefits. This was error. The law is to the contrary.

■ "As in other civil actions, the burden is on the plaintiff, in an action on an insurance policy, to prove every fact in issue which is essential to his cause of action or right of recovery." 19 P.L.E. *Insurance* § 461. See: *Marlowe v. Travelers Insurance Co.,* 320 Pa. 385, 181 A. 592 (1935); *Allen v. Insurance Co. of North America,* 175 Pa.Super. 281, 104 A.2d 191 (1954). Thus, it is the plaintiff who is required to establish that his claim is within the coverage provided by the policy. See: Appleman, *Insurance Law and Practice* § 12094. In the instant case, the burden was on the plaintiff to show that the terms of the policy required the insurance company to pay a maximum work loss benefit in excess of the $15,000.00 which it had agreed to pay on account of the vehicle involved in the accident.

■ The trial court suggested that the plaintiff-appellee had met his burden and had made out a prima facie case for stacking benefits. We disagree. The only evidence offered

by the plaintiff-appellee at trial consisted of the facts alleged in the first seven paragraphs of the complaint and admitted by the appellant-insurer. These admissions were that the plaintiff-appellee had been injured in an automobile accident; that the vehicle being driven by the plaintiff-appellee and one other car owned by him had been insured under a policy of automobile insurance issued by the appellant insurance company; that the insurer had already paid work loss benefits of $15,000.00, this being the maximum amount recoverable under the policy for one vehicle; and that the plaintiff-appellee had made a claim for an additional work loss benefit of $15,000.00 which had been denied by the insurer. The plaintiff-appellee did not offer a copy of the policy of insurance and did not prove by formal admission or by evidence that the insurer was obligated by the terms thereof to pay a benefit in excess of the maximum amount recoverable pursuant to coverage provided for the vehicle which appellee had been driving at the time of the accident.

The eighth paragraph of the complaint which alleged that the insurer was required by the terms of its policy to pay an additional work loss benefit of $15,000.00 was specifically denied in an answer filed by the appellant-insurer; and the trial court concluded that the averments of paragraph eight had not been admitted.

Under these circumstances, the plaintiff-appellee failed to prove a cause of action entitling him to a double work loss benefit under the terms of the policy. In the absence of a prima facie case, the appellant-insurer was not required to produce evidence disproving the claim. The failure of the plaintiff-appellee's proof was not remedied by the appellant-insurer's inability to produce an authenticated policy at trial. When the trial court imposed liability upon the insurer merely because it had failed to produce a copy of the policy, the court fell into error.

We have examined carefully the entire record. That examination is conclusive that the plaintiff-appellee failed to prove a cause of action entitling it to recover work loss

274

benefits in addition to those previously paid. Under these circumstances, the judgment will be reversed and entered in favor of the appellant-insurer.

Judgment reversed and entered in favor of appellant.